[Civ. No. 47585. Second Dist., Div. Two. Apr. 22, 1976.]

CITY OF LOS ANGELES, Plaintiff and Respondent, v.
GIL CANNON, Defendant and Appellant.

**COUNSEL**

Thomas G. Baggott for Defendant and Appellant.

Burt Pines, City Attorney, Milton N. Sherman, Chief Assistant City Attorney, Keith W. Douglas, Deputy City Attorney, for Plaintiff and Respondent.

**OPINION**

**BEACH, J.**—The City of Los Angeles filed a complaint in eminent domain, seeking to acquire certain property wanted for airport purposes. Defendant Gil Cannon owned one parcel of property. His answer alleged that the fair market value of the parcel was $115,000; he asked for that amount plus costs. In a demand pursuant to Code of Civil Procedure section 1249.3, Cannon asked that plaintiff pay $120,000 as just compensation. The City of Los Angeles offered to pay $110,000.[1] In January 1975 a jury awarded $120,000 for the property. Judgment was entered February 24, 1975.

On March 25, 1975, defendant noticed a motion for an order awarding attorney's and appraiser's fees pursuant to section 1249.3 of the Code of Civil Procedure. That motion was denied April 7, 1975. The trial court indicated that the case had been decided on the reasonableness of

---

[1]Prior to the official offer, the City offered Cannon $100,000 on October 29, 1974, and $106,000 on October 31, 1974.

plaintiff's offer. Mr. Cannon appeals from the order denying the motion for attorney's and appraiser's fees.

CONTENTION ON APPEAL:

Appellant contends that a clear and compelling case for the award of fees is present and that the trial court erred in denying said fees.

DISCUSSION:

■ *The trial court did not abuse its discretion in denying the fees to appellant.*

Section 1249.3 of the Code of Civil Procedure provided: "At least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned. . . ."

"If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of the condemnee was reasonable, all viewed in the light of the determination as to the value of the subject property, the costs allowed pursuant to Section 1255 shall include all expenses reasonably and necessarily incurred in preparing for and in conducting the condemnation trial including, and not limited to, reasonable attorney's fees, appraisal fees, surveyor's fees, and the fees for other experts, where such fees are reasonably and necessarily incurred to protect defendant's interest prior to trial, during trial and in any subsequent judicial proceedings in the condemnation action. . . ."[2] Both parties agree that the demand of the condemnee was reasonable; in fact it was exactly the same as the jury's verdict. The conflict in the instant case is one of whether the offer of the condemnor was "unreasonable." Appellant claims that the $10,000 difference between the $120,000 demand and the $110,000 offer is unreasonable as a matter of law. Respondent, however, contends that such decision is discretionary and that the trial court did not abuse its discretion in deciding the matter. We agree with respondent.

[2]This section was added by Statutes 1974, chapter 1469, section 1, page 3208. It was repealed by Statutes 1975, chapter 1275, section 1, page 3409, operative July 1, 1976.

While $10,000 is a significant amount of money, a difference of $10,000 between a demand and offer may or may not be unreasonable depending on, among other things, the total amount of money involved. For example, if the offer had been $1,000 and the award had been $11,000, that offer would clearly be unreasonable. Similarly, if an offer were made of $1 million and an award were made of $1,010,000, that offer would clearly be reasonable although the $10,000 difference is still present. The instant case, of course, falls somewhere in between.[3] The difference in the instant case amounts to 8.33 percent of the $120,000 award. It seems to us that reasonableness depends not only on the monetary amounts or the percentage of difference. Reasonableness depends also on the good faith, care and accuracy in how the amount of the offer and the amount of the demand respectively, were determined. These are factual determinations best made by the trial court that heard the evidence relative thereto. We cannot find the offer in this case unreasonable as a matter of law.

The order denying the award of fees is affirmed.

Roth, P. J., and Compton, J., concurred.

---

[3]We note the difficulty of appraising property. At trial plaintiff's appraiser testified that the value of the subject property was $100,000; defendant's appraiser testified as to a value of $122,500. Mr. Cannon testified that the property was worth $164,000.