[Civ. No. 48449. Second Dist., Div. Two. Jan. 4, 1977.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
EILEEN S. KRANZ, as Executor, etc., et al., Defendants and Appellants.

COUNSEL

Alexander, Inman, Kravetz & Tanzer, Leon J. Alexander and Gene R. Prasse for Defendants and Appellants.

John H. Larson, County Counsel, Terry C. Smith, S. Robert Ambrose, Max E. Truex and Marie Stephens, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**FLEMING, Acting P. J.**—This is a proceeding in eminent domain brought by the County of Los Angeles to acquire for street improvements a one-third-acre parcel of unimproved Redondo Beach land owned by Eileen Kranz and Thomas Kranz, executor of the estate of Frank Kranz. Landowners appeal the order after judgment denying their motion to include their litigation expenses, attorney's and appraiser's fees, in the award of costs.

■ Landowners' litigation expenses are not compensable as a matter of constitutional right in eminent domain proceedings. (*Community Redevelopment Agency* v. *Abrams* (1975) 15 Cal.3d 813, 827-838 [126 Cal.Rptr. 473, 453 P.2d 905].) The award of these expenses as costs is governed by statute. The statute applicable at the time of trial was former Code of Civil Procedure section 1249.3, which provided in pertinent part:

"At least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned. . . .

"If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of condemnee was reasonable, all viewed in the light of the determination as to the value of the subject property, the costs allowed . . . shall include all expenses reasonably and necessarily incurred in preparing for and in conducting the condemnation trial including, and not limited to, reasonable attorney's fees, appraisal fees,

surveyor's fees, and the fees for other experts, where such fees are reasonably and necessarily incurred to protect defendant's interest prior to trial, during trial and in any subsequent judicial proceedings in the condemnation action.

"In determining the amount of attorneys fees and expenses to be awarded under this section, the court shall consider written, revised or superseded offers and demands served and filed prior to or during the trial."[1]

Before trial, county's final offer was $63,000; landowners demanded $72,500. At trial, county's expert appraised the property at $57,200; landowners' expert valued it at $96,750. The jury found the fair market value of the property to be $79,077.55.

■ It is conceded that landowners' final pretrial demand was reasonable. The issue is whether county's final pretrial offer was unreasonable. ■ By statute, reasonableness of the offer must be viewed in light of the adjudicated value of the property. Moreover, reasonableness depends on the proportional difference between offer and demand, the absolute monetary amounts, and the good faith, care, and accuracy in the method of determination of offer and demand. The measure of reasonableness is in the first instance a factual matter for the trial court. (*City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559, 562 [127 Cal.Rptr. 709].) As in any finding by the trial court, however, if the uncontradicted evidence permits only one conclusion, the issue is legal, not factual. (*Rullman* v. *State Farm Mut. Automobile Ins. Co.* (1970) 8 Cal.App.3d 606, 609 [87 Cal.Rptr. 551].)

■ In our view, the uncontradicted evidence compels the finding that county's final pretrial bid was unreasonable as a matter of law. First, and most obviously, county's offer was significantly disproportionate to the adjudicated value of the property, less than 80 percent of the jury verdict.

Second, county's offer was significantly lower in absolute terms ($16,000) than the jury verdict.

[1]Section 1249.3 has been replaced by a new section 1250.410, effective 1 July 1976. The new section substantially reenacts the old, with a clarification of the standard of reasonableness. To award litigation expenses, the court must find: "that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding...."

**660**

Third, county's offer ignored landowners' expert's appraisal of $96,750. While experts often differ, the substantial difference between appraisals should have cast some doubt on the accuracy of county's appraisal of $57,200. County argues that landowners' expert improperly relied on uptrending sales of noncomparable properties in formulating his appraisal. Those sales must have had some relevance, however, because the trial court permitted evidence of uptrending sales to go before the jury. In any event, those sales alone would not account for the major discrepancy in appraisals. County should have realized that a jury would give some weight to the opinion of each expert, and fix the fair market value of the property somewhere between the two.[2] Landowners came down more than half way on their demand; county stubbornly stuck to its own appraisal plus a small amount which would barely cover landowners' added costs of preparing the cause for trial.

■ Code of Civil Procedure section 1249.3 was intended to promote settlement of valuation disputes in eminent domain proceedings and guarantee full recompense to the landowners in case of unnecessary litigation. It should have applied in these circumstances.

The order is reversed and the cause remanded for further proceedings in accordance with this opinion.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied February 1, 1977, and respondent's petition for a hearing by the Supreme Court was denied March 3, 1977.

---

[2]The jury's verdict was almost exactly half-way between the two experts' appraisals.