[Civ. No. 48498. Second Dist., Div. One. May 13, 1977.]

CITY OF GARDENA, Plaintiff and Respondent, v.
BETTY KERR CAMP et al., Defendants and Appellants.

## COUNSEL

Thorpe, Sullivan, Workman, Thorpe & O'Sullivan and John J. Dee for Defendants and Appellants.

Richards, Watson, Dreyfuss & Gershon and Andrew Lichtman for Plaintiff and Respondent.

## OPINION

**LILLIE, J.**—Following judgment in a condemnation action, defendants made a timely motion for award of attorneys' and expert witness' (appraiser's) fees under former Code of Civil Procedure section 1249.3.[1] The motion was denied. They appeal from order denying the motion.

On January 9, 1974, the City of Gardena (City) filed a complaint in eminent domain to condemn for street widening purposes a portion of

---

[1]Code of Civil Procedure section 1249.3 provides:

"At least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned. . . .

"If the court, on motion of the defendant made within 30 days after the entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of the condemnee was reasonable, all viewed in the light of the determination as to value of the subject property, the costs allowed pursuant to Section 1255 shall include all expenses reasonably and necessarily incurred in preparing for and in conducting the condemnation trial, including, and not limited to, reasonable attorney's fees, appraisal fees, surveyor's fees, and the fees for other experts, where such fees are reasonably and necessarily incurred to protect defendant's interest prior to trial, during trial and in any subsequent judicial proceedings in the condemnation action.

"In determining the amount of attorneys fees, and expenses to be awarded under this section, a court shall consider written, revised or superseded offers and demands served and filed prior to or during trial."

This section was repealed by Statutes 1975, chapter 1275, section 1, and substantially reenacted in section 1250.410.

defendant's property, a 10-foot wide strip of land, part of a larger parcel. Pursuant to court order, the City took immediate possession of the property.

At a final pretrial conference on July 29, 1975, the parties exchanged appraisal reports, that of defendants showing the value of the property to be $50,756.50 which included $21,420 as severance damages, and the City's appraisal showing the amount of $26,750 which included no severance damages, the City's appraiser having concluded there were none. A mandatory settlement conference was held, but no settlement was reached principally because of the differing opinions of the parties' appraisers regarding severance damages. By stipulation the parties included in the mandatory settlement conference order the City's final offer of $29,000 for the property and defendants' final demand of $43,000. Apparently in negotiations just prior to trial defendants reduced their demand to $40,000, and a modified demand was filed on August 28, which proved to be the same day that the jury rendered its verdict determining the fair market value of the condemned property to be $29,336.50 with severance damages of $21,420 for a total award of $50,756.50.

The critical question for the purpose of deciding defendants' motion under section 1249.3 appears to have been whether the City's offer was unreasonable in light of the determination as to the value of the subject property. The City has not disputed the reasonableness of defendants' demand of $43,000 or that the attorneys' and expert witness' fees were reasonably and necessarily incurred to protect defendants' interests. Accordingly, it is to the reasonableness of the City's offer we turn our attention.

The City urges that the reasonableness of its offer has been impliedly determined as a factual matter by the trial court, and this determination must be upheld if supported by substantial evidence. It is true that the measure of reasonableness is, in the first instance, a factual matter for the trial court (*City of Los Angeles* v. *Cannon,* 57 Cal.App.3d 559, 562 [127 Cal.Rptr. 709]); however, but for one point (discussed *infra*), the facts in this case are uncontradicted, and where uncontradicted evidence permits only one conclusion, the issue is one of law, not of fact. (*County of Los Angeles* v. *Kranz,* 65 Cal.App.3d 656, 659 [135 Cal.Rptr. 473].)

■ Section 1249.3 provides no real guidelines for resolving the question of reasonableness. Fortunately some delineation of the criteria to be applied has been made in the cases applying the section, of which there appear to be two.

In *City of Los Angeles* v. *Cannon,* 57 Cal.App.3d 559 [127 Cal.Rptr. 709], the condemner's final offer was $110,000, and the condemnee's final demand was $120,000; the jury award was in the amount of $120,000. Reviewing an order denying a motion under section 1249.3, the court said: "While $10,000 is a significant amount of money, a difference of $10,000 between a demand and offer may or may not be unreasonable depending on, among other things, the total amount of money involved. For example, if the offer had been $1,000 and the award had been $11,000, that offer would clearly be unreasonable. Similarly, if an offer were made of $1 million and an award were made of $1,010,000, that offer would clearly be reasonable, although the $10,000 difference is still present. The instant case, of course, falls somewhere in between. The difference in the instant case amounts to 8.33 percent of the $120,000 award. It seems to us that reasonableness depends not only on the monetary amounts or the percentage of difference. Reasonableness depends also on the good faith, care, and accuracy in how the amount of the offer and the amount of the demand respectively were determined." (57 Cal.App.3d at p. 562, fn. omitted.) The order was affirmed.

In *County of Los Angeles* v. *Kranz,* 65 Cal.App.3d 656 [135 Cal.Rptr. 473], the court's approach was somewhat more detailed. A jury found the property to be worth $79,077.55; the condemnees' appraiser valued the property at $96,750, and their final demand was $72,500; the condemner's expert appraised the property at $57,200, and the final offer was $63,000. The court first noted that the offer was less than 80 percent of the jury verdict. Next it was observed that the offer was significantly lower in absolute terms ($16,000) than the jury verdict. Third, the condemner's offer had ignored the condemnees' appraisal of $96,750 notwithstanding the substantial disparity between this appraisal and its own, and despite the likelihood that a jury would give some weight to the opinion of each expert and fix the fair market value somewhere between the appraisals. The condemnees had come down more than half way on their demand while the condemner "stubbornly stuck to its own appraisal plus a small amount which would barely cover landowners' added costs of preparing the cause for trial." The offer was found to be unreasonable as a matter of law. (Pp. 659-600.)

Of the two cases, *Kranz* is patently the more similar to the case at bench, but the teaching of both leads to the conclusion that the City's offer was unreasonable.

In the instant case, the City's offer amounted to less than 60 percent of the value of the property as determined by the jury. The offer was substantially lower in absolute terms ($21,756.50) than the award. The City was oblivious to the opinion of defendants' expert appraiser that significant severance damages would attend condemnation of the property. Certainly the City was entitled to have confidence in its appraisal, but unyielding adherence thereto was incompatible with that spirit of compromise one would expect of a reasonable condemner. The City's offer of $2,250 more than its appraisal was a mere token. Defendant's demand of $43,000 was considerably below the appraisal of their expert, and the $40,000 modified demand evidenced a willingness to further compromise on the question of value.

The City, relying on *Cannon*, stresses the good faith nature of its offer. This is not, we are told, a case in which there was merely a difference of opinion as to value of property. The real difference of opinion was on the matter of severance damages. As to severance damages the City claims to have been faced with a "yes-no" decision; it submits that "it would not have been unreasonable for [it] to refrain from recognizing any severance damages at all in view of the position of [its] competent appraiser that there was no justification for severance damages." But the distinction the City attempts to make is spurious. There was never any doubt that severance damages, if any, would be included in the "just compensation" (Cal. Const., art. I, § 19) to which defendants were entitled. (*City of Los Angeles* v. *Oliver,* 102 Cal.App. 299, 311 [283 P. 298] [app. dism. 283 U.S. 787 (75 L.Ed. 1415, 51 S.Ct. 348)]; 3 Nichols on Eminent Domain (Sackman & Van Brunt, rev. 3d ed. 1976) § 8.6, pp. 45-46.) Like any of the factors considered in the appraisal, severance damages might be accorded a high or low value. It seems that according to the City's reasoning it was justified in refusing to compromise the question of severance damages because its appraiser said they were nonexistent, but it would have been unjustified had the appraiser agreed there were such damages in the amount, say, of one dollar—there would be no "yes - no" decision, but a difference of opinion of value. This argument has no logical appeal. An opinion that there are no severance damages effectively values severance damages at zero dollars. Clearly this was a subject about which reasonable men might differ—presumably defendants' expert was also a "competent

appraiser." A reasonable person would have included it as a factor of negotiation.

■ The City further seeks to demonstrate the good faith of its position by contending that it made an oral offer of $40,000 immediately prior to trial. Support for this contention appears in the declaration of counsel for the City filed in opposition to the section 1249.3 motion. According to the declaration, the offer was declined because defendants also wanted interest on the sum from the time the City took possession of the property in 1974. Apparently defendants filed no declaration controverting that of the City's counsel. However, appellants do deny the accuracy of this account. They stress the unlikelihood that the court would have proceeded to trial when there were both a demand and offer of $40,000 outstanding. They also ask why, if the City were willing to pay this amount, it did not file a written offer of this amount, or simply file an acceptance of the modified $40,000 demand. Indeed, appellants might have added that the failure to reduce to writing the alleged oral offer, the binding effect of which is highly dubious, itself tends to weaken rather than strengthen the City's good faith argument. They also refer to section 1255b which dictates when interest on an award shall accrue, raising the question whether this is a subject of offer and demand under section 1249.3.

We do not pass on this factual dispute. Section 1249.3 provides that "written, revised or superseded offers and demands served and filed prior to or during the trial" shall be considered by the court in determining the *amount*[2] of attorneys' fees and expenses to be awarded under the section. The requirement that offers and demands be in writing appears at least in part designed to avoid a dispute over the parties' positions. But, even if the City's alleged offer of $40,000 fell within this provision, it would affect only the *amount* of fees and expenses to be awarded defendants, not the entitlement thereto. We fail to see how the offer itself, even if made, goes to show reasonableness or good faith of the $29,000 offer. Rather, the opposite would seem to be true.

■ "Code of Civil Procedure section 1249.3 was intended to promote settlement of valuation disputes in eminent domain proceedings and guarantee full recompense to the landowners in case of unnecessary

[2]We express no opinion on the reasonableness of the amount of fees and expenses claimed by defendants.

litigation. It should have applied to these circumstances." (*County of Los Angeles* v. *Kranz,* 65 Cal.App.3d 656, 660 [135 Cal.Rptr. 473].)

The order is reversed and the cause remanded to the superior court for further proceedings consistent with the views expressed in this opinion.

Wood, P. J., and Hanson, J., concurred.