[Civ. No. 51181. Second Dist., Div. Four. June 19, 1978.]

LOS ANGELES UNIFIED SCHOOL DISTRICT
OF LOS ANGELES COUNTY, Plaintiff and Respondent, v.
C. F. BOLSTER COMPANY et al., Defendants and Appellants.

COUNSEL

Thomas G. Baggot for Defendants and Appellants.

John H. Larson, County Counsel, Terry C. Smith, S. Robert Ambrose, Curtis L. Coleman and Jennifer Moran, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

**JEFFERSON (Bernard), J.**—Plaintiff Los Angeles Unified School District of Los Angeles County brought an eminent domain proceeding against defendants C. F. Bolster Co., Robert W. Bolster and Miriam M. Bolster to acquire a portion of defendants' real property for public school

purposes. Trial was by jury. The jury returned a verdict fixing the award to defendants in the sum of $304,000. Within 30 days after entry of judgment, defendants filed a motion pursuant to former Code of Civil Procedure section 1249.3 for an award of litigation costs, including reasonable attorney's fees and expert witness fees. The trial court denied defendants' motion and defendant has appealed from this order of denial.

Former Code of Civil Procedure section 1249.3 provided, in pertinent part, that "[a]t least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned." The section also provided that "[i]f the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of condemnee was reasonable, all viewed in the light of the determination as to the value of the subject property,"[1] an award of litigation costs should be made in favor of the defendant.

The final pretrial and mandatory settlement conference order in the case at bench, made pursuant to stipulation of plaintiff and defendants, provided that plaintiff's final offer was in the sum of $255,000 and defendants' final demand was in the amount of $285,000. The defendants' appraiser formed an opinion that the value of defendants' property was $333,625. The appraiser of the plaintiff valued defendants' property in the amount of $232,000. The difference between the two opinions amounted to $101,625.

Subsequent to the final pretrial and mandatory settlement conference order offer of $255,000, plaintiff filed and served upon defendants a

---

[1] In 1975, Code of Civil Procedure section 1249.3 was repealed and replaced by Code of Civil Procedure section 1250.410, which provides: "(a) At least 30 days prior to the date of trial, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff his final demand for compensation in the proceeding. Service shall be in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2. [¶] (b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses. In·determining the amount of such litigation expenses, the court shall consider any written revised or superseded offers and demands filed and served prior to or during trial." (See Stats. 1975, ch. 1275, § 2.)

written offer of $265,000. The offer of $265,000 was made 96 days before the trial date.

On this appeal, defendants make the following contentions: (1) that the trial court committed prejudicial error in denying defendants' motion for litigation costs; (2) that the trial court erred in finding by implication that plaintiff had satisfied its duty to exercise good faith, care and accuracy in making its final offer; and (3) that the court erred in denying defendants' timely request for findings of fact and conclusions of law.

I

*The Question of Whether the Last Offer*
*From the Condemner Prior to Thirty Days*
*Before Trial Constitutes a Final Offer*

The defendants contend that the offer which constituted plaintiff's final offer under Code of Civil Procedure section 1249.3, was the sum of $255,000, which was set forth in the final pretrial and mandatory settlement conference order, pursuant to stipulation of the parties. It is the position of plaintiff that the final offer under section 1249.3 was the offer of $265,000.

The question of what constitutes the final offer made by the condemning agency in the case at bench is of consequence under Code of Civil Procedure section 1249.3 because, if $255,000 constituted plaintiff's final offer, rather than the $265,000, defendants make a more persuasive argument that the trial court should have found that such offer was an unreasonable offer. Defendants point out that the offer of $255,000 constituted $49,000 less than the verdict of $304,000, and that such an offer constituted 83.9 percent of the verdict rendered by the jury.

Because of the stipulation and figures set forth in the final pretrial and mandatory settlement conference order, defendants urge that the latter offer by plaintiff of $265,000 falls within the provision of former Code of Civil Procedure section 1249.3 that "[i]n determining the *amount* of attorneys fees and expenses to be awarded under this section, the court shall consider written, revised or superseded offers and demands served and filed prior to or during the trial." (Italics added.) Under the view of defendants, the additional $10,000 offered by plaintiff may be considered *only* for the purpose of the court's determination of the *amount* of an

award of litigation expenses and *not* for the purpose of determining whether there should be an award of such litigation expenses at all.

In *People* ex rel. *Dept. of Transportation* v. *Callahan Brothers* (1977) 69 Cal.App.3d 541 [138 Cal.Rptr. 239], a condemnation action, the condemning agency and the property owner both filed a final offer and a final demand respectively *within* 30 days before trial. In holding that the property owner was not entitled to litigation costs, the court reasoned that since the property owner had failed to comply with the statutory requirement of making a final demand at least 30 days before trial, he could not rely upon the statute to obtain litigation costs, even though the condemning agency also failed to comply with the mandatory requirement of the statute that a final offer be made at least 30 days before trial. The *Callahan Brothers* case, therefore, is of no assistance in deciding what is the "final offer" made at least 30 days before trial.

In *City of Gardena* v. *Camp* (1977) 70 Cal.App.3d 252 [138 Cal.Rptr. 656], the property owner's motion for an award of litigation costs was denied by the trial court and the property owner appealed. Similar to the method used in the case at bench, there was a stipulation of the parties under which the final demand of the property owner and the final offer of the condemning agency were set forth in the pretrial mandatory settlement conference order. The condemner's final offer was $29,000 and the property owner's final demand was $43,000. The jury's award, which included severance damages, was in the sum of $50,756.50. In *Camp,* on the very day that the jury arrived at its verdict, the property owner reduced his demand from $43,000 to $40,000.

In *Camp,* to support its claim of its offer having been made in good faith, the condemner contended that it made an *oral* offer of $40,000 immediately prior to the trial date. This contention was disputed by the defendant property owner. The *Camp* court refused to pass on this factual dispute by holding that the $40,000 offer made by the condemner, even if it had been in writing, could not be considered as a "final offer" since it was not made at least 30 days before trial. Rather, the $40,000 offer came within the provision of section 1249.3 that "written, revised or superseded offers and demands served and filed prior to or during the trial" shall be considered by the court in determining the *amount* of litigation costs to be awarded under the statute.

In the case at bench, the defendants argue that the *Camp* case precludes the plaintiff's subsequent offer of $265,000 from being considered for any purpose other than the question of what is a reasonable amount to be awarded to defendants as litigation costs and not as a final offer. The plaintiff asserts that the *Camp* case is not controlling because the offer in *Camp* was oral and made immediately prior to trial and *not* "at least 30 days prior to the date of trial" as required by section 1249.3. Defendants contend that the stipulation of the parties—making the amount set forth in the final pretrial and mandatory settlement conference order—the final offer and demand—is controlling to preclude the plaintiff from making any higher offer a "final offer" even though made more than 30 days prior to trial.

We agree with the plaintiff's position that a stipulation of the parties that the final offer and final demand be set forth in the final pretrial and mandatory settlement conference order cannot control the interpretation of Code of Civil Procedure section 1249.3.

■ We consider that a reasonable interpretation of Code of Civil Procedure section 1249.3 does not limit the concept of "final offer" to the figures set forth in the final pretrial and mandatory settlement conference order. One fundamental purpose of the statute is to encourage settlements of condemnation actions. The statute envisions that a condemning agency will exercise its best efforts to settle a condemnation action in light of the potential liability for the landowner's litigation expenses if a reasonable offer is not made. We do not, therefore, construe section 1249.3 as limiting a final offer to *one* offer so designated by the condemning agency.

■ We construe the section as authorizing the *last* written offer or demand made at least 30 days before trial to be deemed the "final offer" or "final demand," even though the parties have labeled a prior written offer or demand as the *final* offer or demand. We interpret section 1249.3 as not being limited to the first offer or demand a party labels as its *final* offer or demand. This construction of the statute is in harmony with a primary purpose of the statute to promote settlement of eminent domain actions.

As indicated in *Camp,* however, section 1249.3 mandates that any offer or demand made subsequent to the 30-day cut-off period constitutes a

factor to be considered by the trial court solely in determining the *amount* of litigation expenses to be awarded.

Having received the offer of $265,000 more than 30 days prior to the date of trial, defendants were in a position to either come down on their demand of $285,000 or take the same risks that plaintiff was taking, namely, whether the $265,000 offered would constitute a reasonable offer in light of the ultimate jury verdict. The stipulation of the parties for the figures set forth in the final pretrial and mandatory settlement conference order becomes effective for the purposes of the final demand and final offer *only* if no additional demand or additional offer is made prior to 30 days before trial.

II

### The Question of Whether the Trial Court
### Abused Its Discretion in Denying Defendants'
### Motion for Litigation Expenses

In view of our interpretation of Code of Civil Procedure section 1249.3, we consider the case at bench in light of the figure of $265,000 as constituting plaintiff's final offer.

In *City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559 [127 Cal.Rptr. 709], the condemner's final offer was $110,000 and defendant's final demand was $120,000. The jury award was $120,000. In *Cannon,* the trial court denied defendant's motion for litigation expenses made pursuant to Code of Civil Procedure section 1249.3. The trial court's denial of defendant's motion was on the ground that the city's offer was *not* unreasonable, even though the defendant's demand was reasonable. The *Cannon* court held that there was no abuse of discretion in the trial court's order denying defendant's motion.

In interpreting section 1249.3, the *Cannon* court set forth the criteria that the question of reasonableness of a condemning agency's final offer should be determined by the factors of (1) the amount of the difference between the offer and the compensation awarded, (2) the percentage of the difference between the offer and the award (here 8.33 percent) and (3) the good faith, care and accuracy in how the amount of the offer and the amount of the demand, respectively, were determined.

In *County of Los Angeles* v. *Kranz* (1977) 65 Cal.App.3d 656 [135 Cal.Rptr. 473], a condemnation action, the condemning agency's final offer was $63,000 and the property owner's final demand was $72,500. The plaintiff's expert gave an opinion of value of $57,200, while the property owner's appraisal expert gave an opinion of value of $96,750. The jury's verdict of value in *Kranz* was $79,077.55. The property owner made a motion for litigation costs pursuant to Code of Civil Procedure section 1249.3. The trial court denied the motion. The *Kranz* court held that the trial court's order of denial constituted an abuse of discretion because the condemning agency's final offer was unreasonable as a matter of law.

In holding that the condemner's final offer was unreasonable as a matter of law, the *Kranz* court stressed a number of factors. First, the offer was significantly disproportionate to the jury's verdict—slightly less than 80 percent of the verdict. Second, the offer was significantly lower than the verdict in absolute terms—$16,000. Third, the offer did not take into account the *substantial* difference between the opinion of value made by the agency's appraisal expert and the opinion of value made by the property owner's appraisal expert. It was the view of the *Kranz* court that the condemning agency should have realized that the jury might well fix the market value of the property in question at some point between the two opinions expressed by the appraisal experts and perhaps closer to the opinion expressed by the property owner's appraisal expert.

The significance of the *Kranz* case seems to be that a condemning agency must be prepared to gamble on what the jury verdict as to value will be for any case in which there is a great disparity between the opinion of value given by the property owner's appraisal expert and the opinion of value given by the condemning agency's appraisal expert. The *Kranz* view seems mandated by the statute in providing that the question of reasonableness of the agency's offer and the property owner's demand is to be determined in light of the jury's verdict, which constitutes the award to the property owner.[2]

In *Camp*, the condemner's appraisal expert gave an opinion of value in the sum of $26,750, with no severance damages. The property owner's

[2]As pointed out in footnote 1, an amended version of the section (Code Civ. Proc., § 1250.410) is now in effect which contains different wording than the section construed here. Of course, we do not consider in this case the effect, if any, of the amendments, since the amended section is not applicable to this case. (See Code Civ. Proc., § 1230.065.)

appraisal expert gave an opinion of value in the amount of $50,756.50, which included $29,336.50 as the value of the property taken and $21,420 as the amount of severance damages. As indicated previously, the jury's award in *Camp* was in the sum of $50,756.50.

In holding that the trial court had erred in finding that the condemner's offer was reasonable, the *Camp* court emphasized that the offer was less than 60 percent of the jury's verdict of value; that the offer was $21,756.50 less than the jury's verdict—an amount substantially lower in absolute money amount; and that the condemner's final offer was only $2,250 more than its appraisal expert's opinion of value—a mere token.

In the case at bench, although the difference of $101,625 between the opinion of value by the defendant's appraisal expert and the plaintiff's appraisal expert is substantial in terms of dollar amount, the difference of $20,000 between the defendants' demand of $285,000 and the plaintiff's offer of $265,000 is relatively unsubstantial. The amount of $39,000, which constituted the difference between the plaintiff's offer of $265,000 and the jury's award of $304,000, may be said to be substantial in dollar amount. But such substantiality loses its significance in light of the size of the plaintiff's offer and the jury's award.

But it is of real significance that the plaintiff's final offer was 87 percent of the jury's award.

Defendants contend that in making its final offer ($255,000), plaintiff failed to employ good faith, care and accuracy. The major thrust of defendants' argument is that the appraiser for plaintiff used a different appraisal approach than that used by the defendants' expert. In determining whether a condemning agency's offer is reasonable or unreasonable, section 1249.3 emphasizes that such determination is to be made primarily in light of the jury's award and secondarily in the light of the trial court's appraisal of the good faith, care, and accuracy used in formulating the agency's offer.

The construction we place upon section 1249.3 is one which recognizes the realities of condemnation actions. Appraisal of market value of real property is not a science. It is expected that the property owner will select an expert appraiser whose opinion of value will be such as to entitle the property owner to as high an award as possible. The condemning agency will select an expert appraiser whose opinion of value will be expected to

be an amount that is as low as reasonably possible. The great differentials in appraisal values between experts such as is evidenced in the case at bench is a normal result in view of the fact that property appraisal is not a science.

■ In the case at bench, since the plaintiff's offer of $265,000 constitutes a figure that is 87 percent of the verdict, we consider that the trial court's determination that the offer was reasonable is supported by the record. An offer that is 87 percent of the fact finder's verdict of value constitutes a high percentage of the award to make such an offer a reasonable offer. We do not hold, however, that any offer which is less than 87 percent of an award is to be deemed unreasonable as a matter of law. Needless to say, an offer at some point will constitute a percentage of the fact finder's award which cannot be considered to be a sufficiently high percentage to constitute a reasonable offer.

### III

*The Question of Whether Findings of Fact
and Conclusions of Law Are Required to
Support an Order Under Code of Civil
Procedure Section 1249.3*

Defendants made a timely request for findings of fact and conclusions of law following the court's minute order denying defendant's motion for an allowance of litigation costs. The trial court denied the requests for findings and defendants contend that this was error. Code of Civil Procedure section 632 provides in pertinent part that: "[U]pon the trial of a question of fact by the court, written findings of fact and conclusions of law" are required if the procedural requirements of a request by a party are followed. The question presented here is whether findings of fact and conclusions of law are required when the court makes an order pursuant to a motion under section 1249.3 of the Code of Civil Procedure.

It has generally been held that findings are not required in the case of orders made pursuant to motions because section 632 ". . . specifically refers to a 'trial'; it contains no mention of hearings on motions . . . . Findings need not be made in proceedings to determine a motion even though affidavits are filed on a question of fact and testimony is taken to augment the accompanying affidavits. [Citation.]" (*Clinton* v. *Joshua Hendy Corp.* (1966) 244 Cal.App.2d 183, 187-188 [52 Cal.Rptr. 875].) In *In*

re *Marriage of Simmons* (1975) 49 Cal.App.3d 833 [123 Cal.Rptr. 213], the court stated that it was still the law that findings are not required on an order made after granting or denial of a motion.

■  It is to be noted that the language of section 632 speaks in terms of "the trial of a question of fact by the court." Section 632 does not require that the "trial" of a question of fact be a part of any particular form of action. Code of Civil Procedure section 21 divides judicial remedies into the two classes of (1) actions and (2) special proceedings. Code of Civil Procedure section 22 defines "an action" as being "an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." "Special proceeding" is defined in Code of Civil Procedure , section 23 as constituting "[e]very other remedy."

It is clear, therefore, that the trial of a question of fact by the court as set forth in section 632 may take place in an ordinary action or in a special proceeding.

In *Carpenter* v. *Pacific Mut. Life Ins. Co.* (1937) 10 Cal.2d 307, 328 [74 P.2d 761], the court set forth the view that "[a]s to special proceedings, findings are only required when the statute so requires. As to many special proceedings findings are required either by direct provision, or indirectly, . . ." In the case of *In re Rose G.* (1976) 57 Cal.App.3d 406, 418 [129 Cal.Rptr. 338], the court stated that ". . . the traditional distinction between 'special proceedings' and 'general proceedings' insofar as the applicability of Code of Civil Procedure section 632 is concerned in requiring or not requiring findings of fact and conclusions of law, must give way to a criterion of the importance of the issues of fact to be determined. In custody-of-minors proceedings, the issues at stake are of such tremendous consequences that findings of fact and conclusions of law as required by section 632 of the Code of Civil Procedure must be considered applicable even though the proceeding is denominated a 'special proceeding.' " *In re Rose G.* thus held that findings of fact and conclusions of law were required in a proceeding brought under Civil Code section 232 to have a minor declared free from parental custody and control.

The approach set forth in *Carpenter* with respect to the necessity of findings in special proceedings is the approach that also appears

reasonable in deciding the question of whether findings are required in cases of orders made on motion. Since the "trial of a question of fact by the court" may be involved in decisions based upon a motion, Code of Civil Procedure section 632 should not be interpreted as automatically precluding the necessity for findings solely because the trial of a factual question does not take place in the decision of a main action. ■ Since *Carpenter* states that findings may be required in special proceedings if a statute requires such findings either by direct provisions or indirect provisions, the same result should follow in making a determination of whether findings are required upon the making of a motion.

■ In the case at bench, Code of Civil Procedure section 1249.3 specifically provides that the motion for litigation costs shall be granted if the court "finds" that the offer of the condemning agency was unreasonable and that the demand of the property owner was reasonable viewed in the light of the fact finder's determination of value.

By its express terms, Code of Civil Procedure section 1249.3 requires the trial court to make two findings: (1) Whether the final offer of the condemning agency was unreasonable, and (2) Whether the final demand of the property owner was reasonable. In view of this express language as to findings contained in Code of Civil Procedure section 1249.3, we hold that the Legislature has negated any intention that Code of Civil Procedure section 632 be made applicable to require findings generally upon any request therefor.

The trial court in the case at bench made a finding that "the offer of plaintiff was reasonable." This finding is dispositive of the issues raised by defendant's motion and necessarily supports the court's order denying defendant's motion for litigation costs.

The order appealed from is affirmed.

Kingsley, Acting P. J., and Hupp, J.,* concurred.

A petition for a rehearing was denied July 5, 1978, and appellants' petition for a hearing by the Supreme Court was denied August 16, 1978.

---

*Assigned by the Chairperson of the Judicial Council.