[Civ. No. 16684. Fourth Dist., Div. One. Mar. 2, 1979.]

THE STATE OF CALIFORNIA EX rel. STATE PUBLIC WORKS BOARD, Plaintiff and Respondent, v.
HERBERT B. TURNER et al., Defendants and Appellants.

34

**COUNSEL**

Luce, Forward, Hamilton & Scripps, Louis E. Goebel and Ronald W. Rouse for Defendants and Appellants.

Evelle J. Younger, George Deukmejian, Attorneys General, and Jeffrey T. Miller, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**COLOGNE, Acting P. J.**—Herbert B. Turner and Herbert B. Turner Corporation, property owners, appeal from a trial court order denying their motion for litigation expenses after a favorable jury verdict in the

action in eminent domain by the state. The motion was made pursuant to Code of Civil Procedure section 1250.410.[1]

After a jury returned a verdict in the sum of $587,000 in their favor, the property owners requested litigation expenses including attorneys' and engineers' fees. Their demand was made on the statutory grounds (1) the property owners' final demand of $600,000 was reasonable;[2] and (2) the plaintiff's final offer of $462,300 was unreasonable, both viewed in light of the evidence admitted and the compensation awarded. The trial court denied the motion finding both the offer and the demand were reasonable. We are presented with the sole question whether the trial court abused its discretion in finding the state's offer was reasonable.

■ Where the reasonableness of an offer by a condemning agency has been factually determined by the trial judge, the determination must be upheld if supported by substantial evidence. The measure of reasonableness is, in the first instance, a factual matter for the trial court (see *City of Los Angeles* v. *Cannon,* 57 Cal.App.3d 559, 562 [127 Cal.Rptr. 709]). Conflicts in the evidence are for the trial court. As a factual determination supported by the evidence, the trial court's finding of reasonableness, along with the judgment, is entitled to a broad presumption of validity on appeal (*Mehl* v. *People* ex rel. *Dept. Pub. Wks.,* 13 Cal.3d 710, 715-716

---

[1]Code of Civil Procedure section 1250.410 provides: "(a) At least 30 days prior to the date of trial, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff his final demand for compensation in the proceeding. Service shall be in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2.

"(b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses. In determining the amount of such litigation expenses, the court shall consider any written revised or superseded offers and demands filed and served prior to or during trial. (Added by Stats. 1975, c. 1275, § 2.)"

Section 1250.410, effective July 1, 1976, substantially reenacted former section 1249.3. The new section attempted to clarify the word "reasonable" by requiring the reasonableness of the final offer by the condemner be viewed not only by referring to the compensation awarded, but also in light of the evidence admitted. (See *County of Los Angeles* v. *Kranz,* 65 Cal.App.3d 656, 659, fn. 1 [135 Cal.Rptr. 473].)

[2]The issue of timeliness of the final demand has not been raised. (*People* ex rel. *Dept. of Transportation* v. *Societa Di Unione E Beneficenza Italiana,* 87 Cal.App.3d 14, 19-21 [150 Cal.Rptr. 706]; see also *People* ex rel. *Dept. of Transportation* v. *Callahan Brothers,* 69 Cal.App.3d 541 [138 Cal.Rptr. 239]; *Lake County Sanitation Dist.* v. *Schultz,* 85 Cal.App.3d 658, 662 [149 Cal.Rptr. 717].) It is not addressed in this decision.

[119 Cal.Rptr. 625, 532 P.2d 489]; *Lake County Sanitation Dist.* v. *Schultz,* 85 Cal.App.3d 658, 668 [149 Cal.Rptr. 717]).

█ The statute authorizing litigation costs in eminent domain proceedings does not contain specific criteria to permit a single mathematical analysis to determine when an offer is either reasonable or unreasonable. General guidelines, however, have been established, including these facts: "(1) the amount of the difference between the offer and the compensation awarded, (2) the percentage of the difference between the offer and the award . . . and (3) the good faith, care and accuracy in how the amount of the offer and the amount of the demand, respectively, were determined." (*Los Angeles Unified Sch. Dist.* v. *C. F. Bolster Co.,* 81 Cal.App.3d 906, 913 [146 Cal.Rptr. 789], referring to the analysis in *City of Los Angeles* v. *Cannon, supra,* 57 Cal.App.3d 559.)

█ Were we to look solely at the amount of difference between the offer ($462,300) and the compensation awarded ($587,000), we would acknowledge the $124,700 differential might compel a finding the offer was unreasonably low. Similarly, the percentage differential (22 percent) would cast considerable doubt on the reasonableness of the state's offer. Here, however, there is an additional element which cannot be ignored and which provides substantial evidence supporting the trial court's conclusion the state's offer was reasonable. The amount of the offer was clearly determined by the state with good faith, care and accuracy.

It was not disputed by the property owners the state used a very well qualified appraiser who used proper comparables to determine the value of this property. There was no evidence he had tried to keep the values low or otherwise mistreat the property owners. With this in mind, it is apparent there is substantial evidence to support the finding of the trial court.

The state's refusal to reevaluate its offer was based on an honest belief the property owners' demand included *Klopping*[3] damages of $100,000 not properly attributable to the state. Eliminating that $100,000, the expert's appraisal was only $37,700 apart from the value ascribed by the

---

[3] *Klopping* v. *City of Whittier,* 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345]. In this connection, it was not until all of the evidence was in, including evidence the City of San Diego Planning Commission, not the state, had delayed determining Turner's application for a planned residential development (PRD) for at least 18 months, that Turner withdrew his request for *Klopping* damages or any instructions on that type of damages.

owners. This constitutes a substantial element in the reasonableness of the state's belief its offer was good. This also supports the state's care and accuracy in asserting its original offer was good and provides a reason for not raising the offer after learning the property owners' demand.

An additional fact which contributed to the state's inflexibility in its adhering to the offer is that the property owners offered no "real" basis for reexamination of its position. They offered no expert assistance to counter the state's appraisal (cf. *County of L.A.* v. *Kranz, supra,* 65 Cal.App.3d 656, 660). While property owners should not be compelled to hire an expert and can rely on their own testimony as to the value of the property, if they expect the state's expert to compromise they should be willing to supply good reason upon which to base such a compromise. We would not like to suggest the state's appraiser should compromise his opinion and offer more than the property was worth just to avoid litigation. If that was desirable, there would be no reason for the third item of consideration for "reasonableness," namely, *good faith, care and accuracy of determining the amount* of the offer. We would not suggest the state pay more than a parcel is worth just to avoid litigation any more than we would suggest the property owners should take less to avoid litigation. ■ The purpose of this section is to promote settlement of valuation disputes in eminent domain proceedings and guarantee full recompense to the landowner in case of unnecessary litigation (*County of Los Angeles* v. *Kranz, supra,* 65 Cal.App.3d 656, 660).

■ We conclude there is substantial evidence to support the court's finding the state's offer was reasonable.

Judgment affirmed.

Staniforth, J., concurred.

**WIENER, J.**—I dissent.

The majority concludes that where a condemner offers to settle an eminent domain action for a sum equal to its appraiser's good faith opinion of value the standard of reasonableness has been satisfied by the condemner and the property owners may not recover their litigation expenses under Code of Civil Procedure section 1250.410.[1] I disagree. I believe this test not only diminishes the professional role of the lawyer, but fails to satisfy the requirements of the statute.

[1]All references are to the Code of Civil Procedure.

The same judge who presided at the trial ruled on the motion for costs. No additional evidence was presented. Although in the first instance the measure of reasonableness is a factual matter for the trial court (*City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559, 562 [127 Cal.Rptr. 709]), where uncontradicted evidence permits only one conclusion, the issue is one of law and not of fact. (See *County of Los Angeles* v. *Kranz* (1972) 65 Cal.App.3d 656, 659 [135 Cal.Rptr. 473]; *City of Gardena* v. *Camp* (1977) 70 Cal.App.3d 252, 255 [138 Cal.Rptr. 656].) The decision by this court should not rest on the substantial evidence rule.

The good faith, care and accuracy in how the amount of the offer was determined is only one factor in establishing reasonableness. The amount of the difference between the offer and the compensation awarded, and the percentage of the difference between the offer and the award must also be considered. (See *Los Angeles Unified Sch. Dist.* v. *C. F. Bolster Co.* (1978) 81 Cal.App.3d 906, 913 [146 Cal.Rptr. 789]; *City of Los Angeles* v. *Cannon, supra,* 57 Cal.App.3d 559.) Precedents involving former section 1249.3 which bear on the issue in controversy are listed on appendix A. In every case where the ratio of offer to verdict was less than 80 percent, the offer was held to be unreasonable. Only where the offer was 87 percent (*Los Angeles Unified Sch. Dist.* v. *C. F. Bolster Co., supra,* 81 Cal.App.3d 906, 915) or 91 percent of the verdict (*City of Los Angeles* v. *Cannon, supra,* 57 Cal.App.3d 559) has the appellate court affirmed trial court denial of litigation costs. It is essential in the instant matter before reaching a conclusion to weigh the significance of an offer which was only 78 percent of the verdict with a difference in absolute terms of $124,700, more than 25 percent of the verdict.

The majority, in attempting to excuse the wide margin of error by the state's expert, refers to the element of *Klopping* damages of $100,000 included, for with the $100,000 eliminated there was only a $37,700 difference between the expert's appraisal and the owners' opinion of value. There is no factual basis for this argument. The final demand of $600,000 by the property owners was for all damages, those allegedly caused by the delay were not segregated. Moreover, the test of reasonableness of an offer is not the difference between the offer and demand. It is the difference between the offer and the award. Enlightenment and perspective are improved when hindsight is used in accordance with the provisions of section 1250.410, subdivision (b), in determining whether an offer is unreasonable.

The trial lawyer should be well aware that the only certainty associated with a jury trial is the uncertainty of the jury verdict. Section 1250.410 was enacted not only to assure fair compensation to the property owners, but to promote the amicable resolution of eminent domain litigation by increasing the economic risk to the condemner for continued litigation. When additional costs can be imposed, greater incentive for settlement is created.

The primary reason expressed by the trial court for its denial of costs was the property owners' failure to retain a professional appraiser. Whether communication in eminent domain litigation is improved when each side has an appraiser is irrelevant. The presence or absence of an appraiser for the property owners should not have prevented plaintiff from further evaluation of its own position. At no time did the state budge from its initial offer of settlement, $462,300, its appraiser's opinion of value. The absence of an expert hardly justifies the state's stubborn unwillingness to raise its offer.

It is the duty of the attorney responsible for the case to consider all aspects of the litigation which may possibly affect the result. In addition to the information furnished by an expert, the good faith, care and accuracy of an offer requires the intellectual and thoughtful analysis by counsel. He does not fulfill that function when he is merely a conduit for the expert's conclusion.

I am well aware that litigation has become to some extent a battle between expert witnesses. I am unwilling, however, to contribute to this practice by requiring a party to retain an expert appraiser as a condition of obtaining litigation costs.

I would reverse the order denying litigation costs and direct the trial court to award to defendants costs allowed under section 1268.710 and litigation expenses in an amount as the court, after hearing, determined to be reasonable.

Appellants' petition for a hearing by the Supreme Court was denied May 10, 1979.