[Civ. No. 62768. Second Dist., Div. One. Feb. 11, 1982.]

CITY OF EL MONTE, Plaintiff and Respondent, v.
CARLOS C. RAMIREZ et al., Defendants and Appellants.

CITY OF EL MONTE, Plaintiff and Respondent, v.
EZEKIEL PINEDO ARGUIJO et al., Defendants and Appellants.

COUNSEL

Martin L. Abrams for Defendants and Appellants.

Sidney Maleck, City Attorney, Oliver, Stoever & Laskin, Thomas W. Stoever and Ronald J. Einboden for Plaintiff and Respondent.

OPINION

HANSON (Thaxton), J.—Defendants Carlos C. and Jeanette R. Ramirez and Ezekiel Pinedo and Carmen P. Arguijo appeal a judgment of condemnation of portions of the residential lots owned by the respective couples in this action by the City of El Monte (hereinafter referred to as the City) solely insofar as it fails to compensate defendants for litigation expenses.

FACTS

On April 30, 1979, the City filed a complaint in eminent domain against the Ramirezes as to parcel No. 150. On May 4, 1979, the City

filed a separate complaint in eminent domain against the Arguijos as to parcel No. 151. The actions, which concern adjacent parcels of land fronting Baldwin Avenue in the City of El Monte, were consolidated on October 9, 1979.

Defendant Ramirez alleged the fair market value of the property taken was $3,500 and severance damages were $15,000 as to parcel No. 150. Defendant Arguijo in the answer to the complaint in eminent domain alleged that the fair market value of the property taken was $3,300 and the severance damages were $25,000 as to the taking of parcel No. 151.

At the mandatory settlement conference, the City submitted a complete appraisal report and the defendants each submitted a statement of valuation data to the court. The Ramirezes made a demand of $7,500 for parcel No. 150 while the Arguijos demanded $13,000 for parcel No. 151. The City made a final offer of $5,200 for parcel No. 150 and $6,500 on parcel No. 151. Those offers were rejected by the Ramirezes and Arguijos.

At the trial, a unanimous jury which viewed the premises awarded defendant Ramirez $3,350 for the fair market value of the property taken and $8,000 in severance damages, a total of $11,350. The jury awarded defendant Arguijo $3,950 for the fair market value of the property taken and $8,500 for severance damages, a total of $12,450.

Thereafter, pursuant to Code of Civil Procedure section 1250.410, the defendants made a motion to recover their litigation expenses. In support of the motion defendants contended that the City did not exercise good faith, care and accuracy in making its offer at the mandatory settlement conference and, in addition, claimed that the defendants are entitled to litigation expenses as a matter of law. The City did not dispute the reasonableness of the amount defendants' claim for litigation expenses (except for a beeper expense of $140). However, the City made a motion for new trial or in the alternative, a reduction by the

court of the amount of the condemnation awards claiming that excessive severance damages were awarded by the jury.

The court denied the City's motion for a new trial on the ground that there was sufficient evidence to support the verdict. The court denied defendants' motion for litigation expenses on the basis of its determination that both the defendants' demands and the City's final offer were reasonable. The court further found that defendants had failed to submit to the City an adequate appraiser's report for pretrial consideration and the City's failure to increase its offer was due to defendants' inability to show why this should be done.

## ISSUE

Defendants on appeal contend that the trial court abused its discretion in denying their motion for attorneys' fees because the evidence shows as a matter of law that the City's offers were unreasonable since no substantial severance damages were included therein.

## DISCUSSION

█ It is well established that the appellate court is bound to accept all evidence and all intendments from the evidence in support of the judgment of the lower court. (*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925-926 [101 Cal.Rptr. 568, 496 P.2d 480].) "[T]he determination of the trier of fact is binding on appeal unless the contrary conclusion is the only one that can reasonably be drawn from the evidence. [Citation.] . . ." (*Mehl* v. *People* ex rel. *Dept. Pub. Wks.* (1975) 13 Cal.3d 710, 715-716 [119 Cal.Rptr. 625, 532 P.2d 489].) █ "[T]he measure of reasonableness is, in the first instance, a factual matter for the trial court (*City of Los Angeles* v. *Cannon*, 57 Cal.App. 3d 559, 562 [ . . . ]); however, . . . where uncontradicted evidence permits only one conclusion, the issue is one of law, not of fact. (*County of Los Angeles* v. *Kranz*, 65 Cal.App.3d 656, 659 [ . . . ].)" (*City of Gardena* v. *Camp* (1977) 70 Cal.App.3d 252, 255 [138 Cal.Rptr. 656].)

█ Defendants' motion for litigation expenses was made pursuant to Code of Civil Procedure section 1250.410, subdivision (b), which provides in pertinent part: "If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation

awarded in the proceeding, . . . shall include the defendant's litigation expenses. In determining the amount of such litigation expenses, the court shall consider any written revised or superseded offers and demands filed and served prior to or during trial." This section, effective July 1, 1976, replaced and clarified former Code of Civil Procedure section 1249.3, by directing the court to make its determination in the light of the jury verdict and the valuation evidence admitted at trial.

The sole issue is whether the record establishes that, contrary to the finding of the trial court, the City's offer was unreasonable as a matter of law. The argument of defendants that the offers of the City should be held to be unreasonable as a matter of law is based on a statistical analysis of the amounts of the offers, the demands, and the jury verdicts made. In exploring this issue we are handicapped by the failure of the appellants to supply a reporter's transcript of the evidence adduced at trial. We have ordered and reviewed the balance of the trial court record and we note that neither the City's appraisal reports nor the statements of valuation data supplied by defendants are incorporated therein. The briefs indicate that the appraisal report and valuation data submitted by the parties in support of the respective offers and demands were never offered in evidence, received in evidence or marked for identification or evidence. Under the circumstances, that evidence insofar as relevant is presumed to support the determination of the trial court.

The record discloses that the original trial date scheduled for March 4, 1980, was continued to August 11, 1980, to "allow time for defendant to prepare appraisal reports." Exhibit A to the eminent domain policy memorandum of the Los Angeles Superior Court sets forth the requisite contents of the appraisal reports which are to be submitted and exchanged by each party prior to or after the final pretrial conference. It is further specified therein that any party who intends to testify must also file with the court a statement of valuation data indicating his name, his opinion as to the valuation, and all factual data upon which his opinion is based including market data, reproduction studies and capitalization studies.

Prior to the mandatory settlement conference, the parties apparently exchanged valuation data as required. The appraisal report submitted by the proposed expert witness for the defendants, who subsequently testified at trial, was initially rejected by the pretrial conference judge. The minute order of March 25, 1980, recites the following: "Defendant's [*sic*] Appraiser, S.J. Difilippo, to resubmit his Apprasial [*sic*]

Report and provide data re: [¶] 1. His qualifications and background and experience. [¶] 2. PEr [*sic*] square foot value of part taken. [¶] 3. Basis for severance damages and reasons. [¶] 4. Whether his opinion of zone change affected his Appraisal Report." There is no indication in the record as to whether this deficiency was remedied prior to trial. In any event, the record discloses that the City's final offers of $5,200 and $6,500 respectively and the demands of Ramirez for $7,500 and Arguijo for $13,000 were made and recorded by the trial court on April 15, 1980. No settlement was reached at this mandatory settlement conference.

The defendants thereafter served timely notice that the owners would testify indicating that the basis for the defendant owners' testimony as to severance damages would be that their houses after the taking would be much closer to the roadway. The widening of the roadway and installation of curbs, gutters and sidewalks apparently resulted in each instance in the property line being moved closer to the structure in which the respective defendants resided. The City's appraiser, Mr. Mason, and the defendants' expert, Mr. Difilippo, as well as defendants themselves all gave valuation testimony at trial. The jury viewed the property and by verdict found the value of the property taken to be $3,350 as to parcel No. 150 with severance damages of $8,000. As to parcel No. 151, the jury found the value of the part taken to be $3,950 and the severance damages to the remainder to be $8,500. Following trial the court denied both the City's motion for new trial on the ground of excessive damages and defendants' motion for litigation expenses.

In so doing the court specifically found as follows: "Further, on defendants' motion for litigation expense the Court finds that plaintiff's final offer was reasonable and defendants [*sic*] demand was reasonable. Defendants failed to timely, fully and adequately submit to plaintiff an appraisers [*sic*] report for the latters [*sic*] consideration. [¶] The defendants [*sic*] Statement of Valuation Data was silent as to reasoning for the evaluations stated. The court finds that plaintiff's refusal to increase its offers was the result of defendants' inability to show the reasons therefor. [¶] Based upon the above findings the Court denied defendants [*sic*] motion for litigation expenses as to the consolidated actions."

The trial court sitting as the trier of fact is required to resolve various conflicts in the evidence and determine the credibility of wit-

nesses, including the opinions of experts. (*State of California* ex rel. *State Pub. Works Bd.* v. *Turner* (1979) 90 Cal.App.3d 33, 36-37 [153 Cal.Rptr. 156]; *Lake County Sanitation Dist.* v. *Schultz* (1978) 85 Cal.App.3d 658, 668 [149 Cal.Rptr. 717].) In a condemnation proceeding the trial court must review, assess, evaluate and determine the competency of the respective appraisers, ·their degree of thoroughness, their accuracy, and the extent of their overall investigations.

■■ The determinations as to the reasonableness of the offers and/ or the demands are also questions of fact for the trial court to. determine. (*Ibid.*; *City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559, 562 [127 Cal.Rptr. 709].) "[R]easonableness of the final offer and demand presents factual issues which depend not only upon the percentage of difference in the monetary amounts of the offer and demand but also on the good faith, care and accuracy in the determination of those amounts, all of which· are matters to be evaluated by the fact finder. [Citation.] ..." (*Coachella Valley County Water Dist.* v. *Dreyfuss* (1979) 91 Cal.App.3d 949, 958 [154 Cal.Rptr. 467].)

■■ The trial court in the present case had before it when considering the motion for litigation expenses all of the evidence adduced at trial, the evidence presented in support of and in opposition to the motion for litigation expenses, the respective statutory offers and demands of the parties, the verdict of the jury on the issue of fair market value and severance value, and the court file reflecting the reason for continuance and criticism of defendants' appraisal reports. In addition, the trial court had the benefit of hearing all of the evidence including the respective reasons given by each witness for his opinion of value.

Considering all of this material, including the efforts by the parties to reach a pretrial settlement, the trial court concluded that the City was not unreasonable when it failed to increase its offers. The trial court found the statements of valuation data rendered by the defendants bereft of essential supporting data or reasons for the ultimate opinions with respect to severance damages. In general it is contemplated that the appraisal reports submitted by defendants in condemnation proceedings will be timely, complete and valid and will contain an adequate explanation of the bases for the ultimate conclusions; if they do not conform to these standards the weight that will be given them is substantially diminished. (*City of San Leandro* v. *Highsmith* (1981) 123 Cal. App.3d 146 [176 Cal.Rptr. 412].)

In *Los Angeles Unified Sch. Dist.* v. *C. F. Bolster Co.* (1978) 81 Cal.App.3d 906 [146 Cal.Rptr. 789], it was held that the final offer by the plaintiff was reasonable because it was 87 percent of the jury's verdict of value and such a high percentage made it appear prima facie to be a reasonable offer. The court, however, specifically stated that it did not hold that any offer less than 87 percent of an award should be deemed unreasonable as a matter of law and not in good faith.

The defendants point out that the offers in the present case constituted as to parcel No. 150 only 45.8 percent of Ramirez' demand and as to parcel No. 151 52.2 percent of the defendants' demand. In fact, these figures represent the percentages of the offers as compared to the jury's verdicts. Defendants contend that offers which are this disproportionate to the jury's verdicts must be unreasonable since it has been held that an offer less than 60 percent of the value of the property as determined by the jury constitutes as a matter of law an unreasonable offer. (*City of Gardena* v. *Camp, supra*, 70 Cal.App.3d 252, 257.)

■ However, the proportion which the offer represents of the ultimate award is only one element to be considered by the trial court in determining whether an award of litigation expenses is appropriate. The trial court is admonished to consider in addition to the proportional difference between offer and demand or offer and adjudicated value "the good faith, care and accuracy in the method of determination of offer and demand." (*County of Los Angeles* v. *Kranz* (1977) 65 Cal.App.3d 656, 659 [135 Cal.Rptr. 473].)

"'. . . If the purpose of the statute is to make whole a property owner who has been required to litigate because of the condemner's unreasonable offer, the right to recover litigation costs should hinge, not on whether the amount of compensation has been determined by a jury verdict or a court finding, but on whether the property owner has been unreasonably required to litigate.' (*Dreyfuss, supra*, 91 Cal.App.3d 949, 956-957.)" (*Los Angeles County Flood Control Dist.* v. *Mindlin* (1980) 106 Cal.App.3d 698, 717 [165 Cal.Rptr. 233].)

■ Obviously the trial court in the case at bench concluded that the property owner was not unreasonably required to litigate. To the contrary, it may be inferred that, if anything, the City was unreasonably required to litigate due to the failure of defendants to supply a well reasoned appraiser's report in support of their claim for severance damages. The state of the record, together with the reasonable inferences

and presumptions to be drawn therefrom, indicates that the trial court committed no abuse of discretion in denying the motion of defendants for litigation expenses.

## DISPOSITION

The judgment (order) is affirmed.

Spencer, P. J., and Dalsimer, J., concurred.

A petition for a rehearing was denied March 11, 1982, and appellants' petition for a hearing by the Supreme Court was denied April 14, 1982.