[Civ. No. 50339. Second Dist., Div. Five. Nov. 29, 1977.]

COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF HAWTHORNE, Plaintiff and Respondent, v. ALBERT FRIEDMAN et al., Defendants and Appellants.

**COUNSEL**

Fadem, Berger, McIntire & Norton, Fadem, Berger & Norton and Michael M. Berger for Defendants and Appellants.

Kenneth L. Nelson, City Attorney, Oliver, Stoever & Laskin, William B. Barr and Ronald J. Einboden for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Following judgment in a condemnation action, defendant property owners made a timely motion for award of litigation costs under former Code of Civil Procedure section 1249.3. The motion was denied and the property owners appeal from the order denying the motion. We reverse.

In June 1969, the City of Hawthorne announced the Hawthorne Plaza Redevelopment Plan, which provided for the acquisition of the subject property by eminent domain proceedings. Because the redevelopment

agency did not file its complaint until November 16, 1973, the trial judge found that the period from January 1, 1971 to November 16, 1973 constituted an unreasonable delay in instituting the present action, which entitled the property owners to the loss of rental income caused by the delay, pursuant to *Klopping* v. *City of Whittier,* 8 Cal.3d 39 [104 Cal.Rptr. 1, 500 P.2d 1345].[1] Of the $63,780 recovered by the property owners at trial, $56,000 represented the jury's verdict as the value of the property, and $7,780 was the stipulated amount of the damages occasioned by the delay. Immediately before trial, the agency's offer pursuant to section 1249.3 was $48,000, while that of the property owners was $60,000. Shortly thereafter but still before trial, the property owners offered to settle for $58,500. The property owners' figure included rent loss.[2] Following the trial, the court denied the property owners' motion under section 1249.3 for reimbursement of their litigation costs on the ground that the agency's offer was reasonable.

*Discussion*

■ This case falls directly within the holding of *City of Gardena* v. *Camp* (1977) 70 Cal.App.3d 252 [138 Cal.Rptr. 656], *County of Los Angeles* v. *Kranz* (1977) 65 Cal.App.3d 656 [135 Cal.Rptr. 473], and *City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559 [127 Cal.Rptr. 709]. The *City of Gardena* case was decided subsequent to the rendering of the judgment here appealed from. We adopt the analysis of that case wherein it is stated at pages 257-258:

"The City, relying on *Cannon,* stresses the good faith nature of its offer. This is not, we are told, a case in which there was merely a difference of opinion as to value of property. The real difference of opinion was on the matter of severance damages. As to severance damages the City claims to have been faced with a 'yes-no' decision; it

---

[1] Although Code of Civil Procedure section 1249.3 provides that the reasonableness of the condemnor's offer be assessed "in the light of the determination as to the value of the subject property," the amount of damages under *Klopping* are not to be subtracted from each side's offer, inasmuch as section 1249.3 contemplated "that the offer and demand are to cover all of the compensation in the proceeding . . . ." (Legis. Com. com. § 1250.410, Code Civ. Proc.)

[2] *During* trial *and after,* the court found that the redevelopment agency had unreasonably delayed instituting this action, thus rendering the agency liable for $7,780 damages for delay. Thereafter, the agency increased its offer by $10,000, and while this was only $2,220 more than the stipulated liability for damages caused by the agency's unreasonable delay, it raised the total offer to $58,000.

submits that 'it would not have been unreasonable for [it] to refrain from recognizing any severance damages at all in view of the position of [its] competent appraiser that there was no justification for severance damages.' But the distinction the City attempts to make is spurious. There was never any doubt that severance damages, if any, would be included in the 'just compensation' (Cal. Const., art. I, § 19) to which defendants were entitled. (*City of Los Angeles* v. *Oliver,* 102 Cal.App. 299, 311 [283 P. 298] [app. dism. 283 U.S. 787 (75 L.Ed. 1415, 51 S.Ct. 348)]; 3 Nichols on Eminent Domain (Sackman and Van Brunt, rev. 3d ed. 1976) § 8.6, pp. 45-46.) Like any of the factors considered in the appraisal, severance damages might be accorded a high or low value. It seems that according to the City's reasoning it was justified in refusing to compromise the question of severance damages because its appraiser said they were nonexistent, but it would have been unjustified had the appraiser agreed there were such damages in the amount, say, of one dollar—there would be no 'yes - no' decision, but a difference of opinion of value. This argument has no logical appeal. An opinion that there are no severance damages effectively values severance damages at zero dollars. Clearly this was a subject about which reasonable men might differ—presumably defendants' expert was also a 'competent appraiser.' A reasonable person would have included it as a factor of negotiation.

"The City further seeks to demonstrate the good faith of its position by contending that it made an oral offer of $40,000 immediately prior to trial. Support for this contention appears in the declaration of counsel for the City filed in opposition to the 1249.3 motion. According to the declaration, the offer was declined because defendants also wanted interest on the sum from the time the City took possession of the property in 1974. Apparently defendants filed no declaration controverting that of the City's counsel. However, appellants do deny the accuracy of this account. They stress the unlikelihood that the court would have proceeded to trial when there were both a demand and offer of $40,000 outstanding. They also ask why, if the City were willing to pay this amount, it did not file a written offer of this amount, or simply file an acceptance of the modified $40,000 demand. Indeed, appellants might have added that the failure to reduce to writing the alleged oral offer, the binding effect of which is highly dubious, itself tends to weaken rather than strengthen the City's good faith argument. They also refer to section 1255b which dictates when interest on an award shall accrue, raising the question whether this is a subject of offer and demand under section 1249.3.

"We do not pass on this factual dispute. Section 1249.3 provides that 'written, revised or superseded offers and demands served and filed prior to or during the trial' shall be considered by the court in determining the *amount* of attorneys' fees and expenses to be awarded under the section. The requirement that offers and demands be in writing appears at least in part designed to avoid a dispute over the parties' positions. But, even if the City's alleged offer of $40,000 fell within this provision, it would affect only the *amount* of fees and expenses to be awarded defendants, not the entitlement thereto. We fail to see how the offer itself, even if made, goes to show reasonableness or good faith of the $29,000 offer. Rather, the opposite would seem to be true." (Fn. omitted.)

The judgment is reversed and the cause remanded for the purpose of fixing attorney's fees in accordance with the views hereinabove expressed.

Kaus, P. J., and Ashby, J., concurred.