[Civ. No. 19783. Fourth Dist., Div. Two. Feb. 5, 1979.]

THE PEOPLE EX REL. DEPARTMENT OF TRANSPORTATION, Plaintiff and Respondent, v. PATTON MISSION PROPERTIES, LTD., et al., Defendants and Appellants.

## COUNSEL

Thorpe, Sullivan, Workman, Thorpe & O'Sullivan and John J. Dee for Defendants and Appellants.

Harry S. Fenton, Richard B. Rypinski, Joseph A. Montoya, Robert L. Meyer, H. Dean Stillwagon and Robert W. Vidor for Plaintiff and Respondent.

## OPINION

**MORRIS, J.**—This appeal is from a postjudgment order in three consolidated condemnation cases denying the property owners' motion

for attorneys' fees, expert witnesses' fees, and costs under former section 1249.3 of the Code of Civil Procedure (now § 1250.410).[1]

In March of 1976, respondent State of California, acting through the Department of Transportation, filed separate complaints in eminent domain seeking to acquire portions of larger parcels owned respectively by appellants, Riverside Wineville Properties, Ltd., Patton Mission Properties, Ltd., and Pomona Devore Alpha, Ltd.[2] The cases were consolidated for pretrial and trial purposes.

Pursuant to section 1249.3, the parties filed and served final offers and demands. The following chart shows the amount of final offers and demands, the date on which each was served, the amount of the difference between the offers and demands, the amount of the verdict and the percentage relationship between the state's final offer and the verdict.

| Parcel | State's Offer | Owners' Demand | Difference | Verdict | Percent of State's Offer to Verdict |
|---|---|---|---|---|---|
| A | $65,400 (served 12-28-76) | $75,000 (served 7-15-77) Revised demand $85,000 (8-4-77) | $ 9,600 | $89,700 | 73 percent |
| B | $45,800 (served 12-28-76) | $65,000 (served 7-15-77) | $19,200 | $73,515 | 62 percent |
| C | $60,000 (served 12-28-76) | $75,000 (served 7-15-77) | $15,000 | $73,261 | 82 percent |

[1] All references are to the California Code of Civil Procedure unless otherwise noted.

[2] For convenience we will refer to the real properties involved in this appeal by alphabetic designations as follows: Parcel A — property owned by Patton Mission Properties, Ltd., Parcel B — property owned by Riverside Wineville, Ltd., and Parcel C — property owned by Pomona Devore Alpha, Ltd.

We are told that the state took immediate possession of parcels A and B pursuant to orders of immediate possession dated December 28, 1976.[3] We are also told that appellants' large parcels were vacant, unimproved parcels, and that only portions were taken for freeway purposes. Although the jury verdict shows the amount awarded as the fair market value of the parcels taken and the amount awarded as severance damages in each case, the final offers and demands are all in lump sum amounts for total compensation as to each parcel.

The parties did not exchange lists of expert witnesses and statements of valuation data as authorized by section 1258.210 et seq.

The only additional information provided concerning evidence of value is the recital in appellants' opening brief, not disputed by respondent, of the trial testimony of the appraisers, as follows:

| Parcel | Part Taken | Severance | Total |
|---|---|---|---|
| A — Respondent's Appraiser | $71,962.00 | - 0 - | $ 71,962.00 |
| Appellant's Appraiser | 94,830.00 | $29,150.00 | 123,980.00 |
| | | | |
| B — Respondent's Appraiser | 40,986.00 | 2,514.60 | 43,500.60 |
| Appellant's Appraiser | 61,545.00 | 34,650.00 | 96,195.00 |
| | | | |
| C — Respondent's Appraiser | 39,174.30 | 12,078.00 | 51,252.30 |
| Appellant's Appraiser | 44,516.00 | 57,569.00 | 102,085.00 |

After judgment, appellants asked for an award of attorneys' fees in the three consolidated cases as follows: Patton Mission Properties, Ltd. $10,300, Riverside Wineville Properties, Ltd. $9,238.33, Pomona Devore Alpha, Ltd. $5,692, and expert witness fees in the total amount of $14,844.44.

This appeal is from the denial of the motion.

At the time this action was filed, section 1249.3 provided in pertinent part as follows:

[3]The record on appeal does not include those orders. However, the record does contain the notice of deposit and statement of appraisal pursuant to sections 1255.010 and 1255.020 as follows: Parcel A — value of parcel $65,400, severance damages 0. Parcel B — value of parcel $41,030, severance damages $4,812.50.

"At least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned. . . .

"If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of the condemnee was reasonable, all viewed in the light of the determination as to value of the subject property, the costs allowed pursuant to Section 1255 [now section 1268.710] shall include all expenses reasonably and necessarily incurred in preparing for and in conducting the condemnation trial . . . .

"In determining the amount of attorneys fees and expenses to be awarded under this section, the court shall consider written, revised or superseded offers and demands served and filed prior to or during the trial."[4]

Appellants contend that the trial court abused its discretion in denying appellants' motion for litigation costs and attorneys' fees and that as a matter of law respondent's offers were unreasonable and appellants' demands were reasonable in the light of the verdicts rendered.

In support of their contention, appellants primarily rely on three appellate court decisions interpreting section 1249.3.

In *City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559 [127 Cal.Rptr. 709], the condemner's final offer was $110,000 and the condemnee's final demand was $120,000; the jury award was $120,000. The trial court denied defendant's motion for litigation expenses on the ground that the city's offer was *not* unreasonable. In holding that there was no abuse of discretion in the trial court, the *Cannon* court stated, "It seems to us that reasonableness [under section 1249.3] depends not only

[4]The parties refer to section 1250.410 as well as to former section 1249.3. However, we note that although section 1250.410, enacted by Statutes 1975, chapter 1275, section 2, pages 3432-3433, became operative July 1, 1976, section 1230.065, subdivision (c), provides that it shall not apply to a proceeding commenced prior to the operative date. We note that the new section substantially reenacts the old, with a clarification of the standard of reasonableness. Under section 1250.410 the court is required to find: "that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding . . . ."

on the monetary amounts or the percentage of difference. Reasonableness depends also on the good faith, care and accuracy in how the amount of the offer and the amount of the demand respectively, were determined." (*Id.,* at p. 562.) Holding that these were factual determinations best made by the trial court, the court refused to find the offer unreasonable as a matter of law.

In *County of Los Angeles* v. *Kranz* (1977) 65 Cal.App.3d 656 [135 Cal.Rptr. 473], the condemner's final offer was $63,000 based on its appraiser's valuation of $57,200, whereas the property owners' final demand was $72,500 based on their appraiser's valuation of $96,750. The jury found the property to be worth $79,077.55. The court noted that (1) the offer was less than 80 percent of the jury verdict, (2) the offer was significantly lower in absolute terms ($16,000) than the jury verdict and (3) the offer ignored the condemnee's appraisal of $96,750, notwithstanding the substantial disparity between the appraisal and its own, and despite the likelihood that a jury would give some weight to the opinion of each expert and fix the fair market value somewhere between the two. The offer was found to be unreasonable as a matter of law.

In *City of Gardena* v. *Camp* (1977) 70 Cal.App.3d 252 [138 Cal.Rptr. 656], the court, considering the guidelines set forth in the *Cannon* and *Kranz* cases, found the condemner's offer unreasonable as a matter of law on the following facts. At the final pretrial conference (presumably more than 30 days prior to trial), the parties had exchanged appraisal reports. The defendants' appraisal report assigned a total value of $50,756.50 which included $21,420 of severance damages, whereas the condemner's report showed a value of $26,750 which included no severance damages. The owners' final demand was for $43,000; the condemner's offer was $29,000, and the jury verdict was for the total amount of $50,756.50 of which $21,420 was for severance damages. Although the city's offer was less than 60 percent of the value determined by the jury, and substantially lower in absolute terms ($21,756.50) than the verdict, the condemner sought to justify the offer on the ground that it had acted in good faith on the basis of its appraiser's opinion that there would be no severance damage.

The appellate court rejected this argument as spurious, stating, "An opinion that there are no severance damages effectively values severance damages at zero dollars. Clearly this was a subject about which reasonable men might differ—presumably defendants' expert was also a

'competent appraiser.' A reasonable person would have included it as a factor of negotiation." (*City of Gardena* v. *Camp, supra,* 70 Cal.App.3d 252, 257-258; see also *Community Redevelopment Agency* v. *Friedman* (1977) 76 Cal.App.3d 188 [143 Cal.Rptr. 160], wherein the court adopted the analysis of *City of Gardena* v. *Camp.*)

Appellants herein point to the percentage difference between respondent's offers and the jury verdicts (respectively offers were 73 percent, 62 percent and 82 percent of the verdicts), the fact that the offers were significantly lower in absolute terms (parcel A—$24,300 lower, parcel B—$27,715 lower, and parcel C—$13,261 lower), and then concludes that respondent's offers fall far below the good faith, care and accuracy guidelines of the *Kranz* and *Camp* decisions.

However, in discussing the facts of the instant case in the context of good faith, care and accuracy, appellants refer primarily to the relationship between respondent's offers and the valuation opinion of respondent's appraisers. This is presumably for the purpose of demonstrating that respondent did not seek to compromise in the manner required by the *Kranz* and *Camp* decisions.

Appellants note that as to parcel A respondent's final offer was in fact $6,562 less than the opinion value of respondent's expert,[5] as to parcel B the final offer was $2,299 in excess of the opinion of value of respondent's expert, and as to parcel C the final offer was $8,748 in excess of the expert's valuation. On the other hand, appellants argue, the demands of the appellants as to parcels A and B were actually below the jury verdict ($75,000 to $89,700 and $65,000 to $73,515, respectively), and as to parcel C there was a difference of only $1,739.

If we limit ourselves to mathematical calculations, the argument seems conclusive. One would wonder how the trial court reasonably could come to any other conclusion than that urged by appellants.

The problem is that the present case cannot be resolved by simple mathematical calculations. Mathematical relationships have ¬eemed of primary significance in the cases cited by appellants simply because the major issue on appeal has been the reasonableness of the

---

[5]This refers to the trial testimony of respondent's appraiser. The appraisal at time notice of deposit and order for immediate possession, and at time of written offer was exactly the amount of respondent's offer for parcel A, to wit, $65,400.

*offer.* In each case the conduct of the property owner with respect to the demand has been clearly reasonable, and in every case wherein the appellate court has held the offer unreasonable as a matter of law, there has been a failure on the part of the condemner to compromise, i.e., "county's offer ignored landowners' expert's appraisal" (*County of Los Angeles* v. *Kranz, supra,* 65 Cal.App.3d 656, 660), "unyielding adherence thereto [its appraisal] was incompatible with that spirit of compromise" (*City of Gardena* v. *Camp, supra,* 70 Cal.App.3d 252, 257), and in *Community Redevelopment Agency* v. *Friedman, supra,* 76 Cal.App.3d 188, the court simply adopted the analysis of the *Camp* case and applied it in a factual situation where the condemner had delayed initiating the proceedings but had refused to include damages caused by the delay in the final offer prior to trial.

Under such circumstances the determination whether the condemner's offer was reasonable depends almost exclusively upon the mathematical relationships, and the conduct of the condemner in refusing to compromise.

It is otherwise in the case at bench. ■■ The respondent was given no opportunity to evaluate appellants' demands or the appraisals upon which they were founded until July 15, 1977; the trial commenced on August 15, 1977. Therefore, under section 1249.3, respondent was given exactly one day within which to evaluate appellants' demands, consider their appraisals (assuming the names of appraisers and their valuations were reported) and respond with a revised final written offer. ■ It seems clear that it is the last offer from the condemner prior to 30 days before trial that constitutes the final offer. Offers and demands made within 30 days of and during trial simply affect the *amount* of litigation expenses. (§ 1250.410, subd. (b); *Los Angeles Unified Sch. Dist.* v. *C. F. Bolster Co.* (1978) 81 Cal.App.3d 906, 910-911 [146 Cal.Rptr. 789].)

■ We consider it unreasonable to require respondent to respond to appellants' demands under such circumstances. ■ Therefore, we may not properly consider the amount of appellants' demands in determining the reasonableness of respondent's offers.

■ Moreover, unless we are prepared to hold that the mere existence of a substantial disparity between the condemning agency's final offer and the jury verdict is conclusive evidence that the offer was

unreasonable, we cannot say that respondent's offers were unreasonable in this case.

The record reveals that respondent obtained appraisals and filed the notices of deposit and statements of appraisal as to parcels A and B on December 28, 1976. On the same date respondent filed and served final offers as to each parcel.[6] It would seem that the next move was up to appellants, yet no demand was made until July 15, 1977, precisely 31 days prior to the date of trial.

We agree with the statement in the *Kranz* and *Camp* cases that the purpose of section 1249.3 (1250.410) is to promote settlement of valuation disputes in eminent domain proceedings and guarantee full recompense to the landowners in case of unnecessary litigation. (*County of Los Angeles* v. *Kranz, supra,* 65 Cal.App.3d 656, 660, *City of Gardena* v. *Camp, supra,* 70 Cal.App.3d 252, 258-259.) However, we think it is clear that it was also the purpose of the section to impose upon *both* parties to the litigation the duty to act reasonably in an effort to settle the disputes.

It is of no avail for appellants to argue that it is common practice for the parties to wait until the 31st day to make their offers and demands. That may or may not be true; it is not a part of the record in this case. Whether it is or is not, such practice does not demonstrate good faith, care and accuracy in determining the amount of the demand or offer. Moreover, since in this case the respondent had made its offer prior to the first trial date, appellants' adherence to such practice was incompatible with that spirit of compromise anticipated by the statute.

In the instant case the trial court was justified in finding (1) that respondent's offers were reasonable, based as they were on their appraisal reports, and in the absence of timely demands by appellants, and (2) that appellants' demands were unreasonable in the light of their failure to communicate them to respondent in the face of respondent's previous offers.

"Reasonableness depends also on the good faith, care and accuracy in how the amount of the offer and the amount of the demand

[6]Although it is not part of the record before this court, we are told that the case was originally set for trial on January 31, 1977; that the mandatory settlement conference was held on December 16, 1976; that no offers were then made because defendants were not prepared to proceed; that the trial was continued at defendants' request to August 15, 1977.

respectively, were determined." (*City of Los Angeles* v. *Cannon, supra,* 57 Cal.App.3d 559, 562.)

 We find no abuse of discretion in this case, and we cannot find the offers in this case unreasonable as a matter of law.

The order denying the award of fees is affirmed.

Tamura, Acting P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied February 22, 1979. Kaufman, J., was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied April 19, 1979.