[Civ. No. 14748. Fourth Dist., Div. One. May 5, 1977.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Respondent, v.
CALLAHAN BROTHERS, Defendant and Appellant.

**COUNSEL**

Asaro & Keagy, Roscoe D. Keagy, Schall, Boudreau & Gore and Timothy M. Connor for Defendant and Appellant.

Harry S. Fenton, Richard G. Rypinski, Sherman E. Hollingsworth, Dale Peterson and Judith McConnell for Plaintiff and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—Callahan Brothers appeal the order denying it extraordinary costs and expenses under Code of Civil Procedure section

1249.3 which were incurred when it went to trial on the issue of valuation of property condemned by the State of California.

Section 1249.3 reads:

"At least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned. . . .

"If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of condemnee was reasonable, all viewed in the light of the determination as to the value of the subject property, the costs allowed pursuant to Section 1255 shall include all expenses reasonably and necessarily incurred in preparing for and in conducting the condemnation trial including, and not limited to, reasonable attorney's fees, appraisal fees, surveyor's fees, and the fees for other experts, where such fees are reasonably and necessarily incurred to protect defendant's interest prior to trial, during trial and in any subsequent judicial proceedings in the condemnation action.

"In determining the amount of attorneys fees and expenses to be awarded under this section, the court shall consider written, revised or superseded offers and demands served and filed prior to or during the trial."

■ Here, the final offer and final demand were filed during trial rather than 30 days or more before. Callahan argues the statute merely directed and did not require meeting the 30-day time limit; it also suggests the statute requires the state to make a final offer but does not require the property owner to make a final demand. The statute has not been construed and presents a case of first impression.

Section 1249.3 was enacted in 1974, became effective January 1, 1975, and was replaced July 1, 1976, by section 1250.410 which is similarly worded. The section should be interpreted in a fair and reasonable way, considering its purpose. Its purpose is to encourage early settlement so trial can be avoided. Since one of the bargaining parties is a person representing a governmental agency, who cannot make a binding

agreement without the agency's approval, a 30-day minimum time period is necessary to complete a settlement. To achieve the statute's goal, the 30-day minimum time period must be mandatory.

Callahan says the presentation of a final offer by the condemner is mandatory; otherwise the state, by not filing the offer, can avoid the statute and render it meaningless, while the submission of a final demand by the condemnee cannot be mandatory, since it is a benefit which it can waive. It also argues, somewhat inconsistently, the statute cannot be mandatory because it does not contain any means of enforcement. However, the provisions of the statute make it self-enforcing. As a means of encouraging negotiations before trial, the Legislature put incentives into the statute. The condemnee who makes a timely final demand and goes to trial only when the offer is unreasonable has the potential of being reimbursed for expenses which he could not otherwise recover; likewise, the condemner who makes a timely reasonable offer, whether it is accepted by the condemnee or not, may avoid having to pay the condemnee's extraordinary costs. The property owner, by not filing a final demand when he thinks the condemner's offer is unreasonable, forfeits the possibility of recovering costs; the condemner, by not filing a final offer, may be liable for the property owner's extraordinary costs where the owner has made a final demand. Here neither Callahan nor the state has complied with the statute. Neither party may obtain its benefits.

The order is affirmed.

Cologne, J., and Staniforth, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 30, 1977.