[Civ. No. 15868. Third Dist. Dec. 5, 1978.]

THE PEOPLE ex rel. DEPARTMENT OF TRANSPORTATION,
Plaintiff and Respondent, v.
SOCIETA DI UNIONE E BENEFICENZA ITALIANA,
Defendant and Appellant.

**16**

---

**COUNSEL**

Rader & Rader, Richard E. Rader and Larry Rader for Defendant and Appellant.

Harry S. Fenton, John B. Matheny, Richard W. Williams and Stephen A. Mason for Plaintiff and Respondent.

---

**OPINION**

**REYNOSO, J.**—Defendant Societa Di Unione E Beneficenza Italiana appeals from an order denying its motion for an award of attorney's and

appraiser's fees under former Code of Civil Procedure section 1249.3[1] following jury trial of an eminent domain action filed by the State of California to acquire its property.

The thrust of the appeal is in three parts: First, the trial court erred in considering only the final settlement offer tendered by plaintiff; second, the final offer should have been ignored since it was untimely made after the statutory cut-off of 30 days; and third, the court's finding of reasonableness of the state's offer was improperly derived because it applied a mechanical test measuring only whether the offer or demand was closer to the award.

The trial court properly looked to the final offer as a basis for denying or awarding fees. It also correctly considered the state's last offer even if tendered late. However, the reasonableness of the offer, we believe, involves more than the comparison of settlement offers with the final award. Accordingly, we reverse and remand.

On October 8, 1974, the State of California instituted proceedings in eminent domain after defendant had declined an informal settlement offer of $12,700 for its property. An order for possession of the property was signed on October 17, 1974, and possession was taken by plaintiff in late November of the same year. On November 5, 1975, defendant retained Attorney Rader to represent it in the trial scheduled for December 15, 1975. Defendant had been represented earlier by another

---

[1]As enacted in 1974, Code of Civil Procedure section 1249.3 provided:

"At least 30 days prior to the date of trial, plaintiff shall file with the court and serve a copy thereof on defendant its final offer to the property sought to be condemned and defendant shall in like manner, file and serve a copy thereof on plaintiff his final demand for the property sought to be condemned. Service shall be accomplished in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2.

"If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the condemnor was unreasonable and that the demand of condemnee was reasonable, all viewed in the light of the determination as to the value of the subject property, the costs allowed pursuant to Section 1255 shall include all expenses reasonably and necessarily incurred in preparing for and in conducting the condemnation trial including, and not limited to, reasonable attorney's fees, appraisal fees, surveyor's fees, and the fees for other experts, where such fees are reasonably and necessarily incurred to protect defendant's interest prior to trial, during trial and in any subsequent judicial proceedings in the condemnation action.

"In determining the amount of attorneys fees and expenses to be awarded under this section, the court shall consider written, revised or superseded offers and demands served and filed prior to or during the trial."

All citations are to the Code of Civil Procedure unless otherwise noted.

attorney. On either November 15 or 17,[2] defendant filed a final demand of $50,000 for its property pursuant to former Code of Civil Procedure section 1249.3, which required the parties to a condemnation proceeding to exchange settlement offers at least 30 days prior to trial. Plaintiff filed its final settlement offer in the amount of $26,277 on November 20, 1975.

After the condemnation trial was completed on December 19, 1975, with return of a jury award of $36,170 for the property, defendant timely noticed a motion under section 1249.3 for an award of $2,150 in appraiser's fees and an unspecified amount of attorney's fees. The motion was supported by the declaration of defendant's attorney, in which he recounted the events described above and alleged that both offers tendered by plaintiff were unreasonable and that the demand submitted by defendant was reasonable.

As reflected in the memorandum of decision, the trial court considered itself limited under section 1249.3 to a determination of whether the *final* statutory offer filed by plaintiff on November 20, 1975, was reasonable. Since the court found this final offer to be reasonable, it determined that litigation expenses could not be awarded under section 1249.3 despite a contrary finding with respect to plaintiff's original settlement offer of $12,700. The court thereafter signed findings of fact and conclusions of law prepared by defendant which provided, inter alia, that appraiser's fees of $2,150 and combined attorney's fees of $6,881.57 were reasonably incurred in obtaining the jury verdict, but that an award of fees under section 1249.3 was precluded because the final settlement offer tendered by plaintiff was reasonable. The court indicated that its finding of reasonableness with respect to plaintiff's final offer was based upon the fact that it was closer in dollar amount to the jury award of $36,170 than was defendant's final demand of $50,000. A finding with respect to the reasonableness of defendant's final demand was expressly withheld.

I. *Construction and Application of Section 1249.3: The Settlement Offer*

 Defendant contends that the trial court erroneously limited itself to a determination of whether the *final* settlement offer filed by plaintiff

---

[2]One of the findings prepared by defendant and signed by the trial court reflects that defendant's final demand was filed on November 15, 1975. This finding conflicts both with the declaration executed by defendant's attorney in support of the section 1249.3 motion, and with the appellate briefs of both parties, which represent the date of filing of the final demand as November 17, 1975.

under section 1249.3 was reasonable. Section 1249.3, enacted in 1974, was superseded by the enactment in 1975 of section 1250.410, which continues the substance of its predecessor. Since section 1250.410 did not become operative until July 1, 1976, section 1249.3 was applicable to the condemnation proceedings instituted below. (See Code Civ. Proc., § 1230.065.) Under defendant's construction of section 1249.3, an award of litigation expenses would have been justified if *any* offer made by the condemner was found to be unreasonable since "the offer of the condemnor" referred to in the second paragraph of the statute should not be equated with the "final offer" described in the preceding paragraph. In support of this argument, defendant points to language in the third paragraph of the statute requiring the trial court to consider revised or superseded offers and demands filed with the court in determining the amount of fees and expenses to be awarded.

Defendant's reliance upon the third paragraph of section 1249.3 is clearly unfounded since its express terms provide that revised or superseded offers are only to be considered in determining the *amount* of litigation expenses to be awarded.[3] *Entitlement* to an award of litigation expenses depends upon a determination that "the offer of the condemnor," referred to in the second paragraph of the statute, was unreasonable and that the demand of the condemnee was reasonable. ■ Interpretation of the quoted phrase rests upon the settled rule of statutory construction that all the words of a statute must be construed in context, keeping in mind the nature and purpose of the statute in which they appear. The various parts of the enactment must be harmonized by considering the particular phrase in the context of the statutory framework as a whole. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224]; *Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 249 [127 Cal.Rptr. 532].)

■ Considering the quoted phrase in the context of the entire statute, it is readily apparent that "the offer of the condemnor" referred to in the second paragraph of section 1249.3 is the "final offer" which the condemner is required to file at least 30 days prior to the date set for trial under the terms of the first paragraph. At least one court has tacitly reached the same construction of section 1249.3, denominating the final offer filed under paragraph one of the statute as the "official offer" for

[3]We also note that since the initial offer tendered by plaintiff in the amount of $12,700 was apparently never filed with the court, it could have not been considered by the trial court in any event under paragraph three of section 1249.3.

purposes of determining entitlement to litigation expenses. (*City of Los Angeles* v. *Cannon* (1976) 57 Cal.App.3d 559, 560, fn. 1 [127 Cal.Rptr. 709].)

Since the determination of permissibly recoverable costs in eminent domain proceedings is purely a legislative matter (*County of Los Angeles* v. *Ortiz* (1971) 6 Cal.3d 141, 148-149 [98 Cal.Rptr. 454, 490 P.2d 1142, 68 A.L.R.3d 538]), entitlement to litigation expenses in the present context is limited by the express terms of section 1249.3. (See *Holtz* v. *San Francisco Bay Area Rapid Transit Dist.* (1976) 17 Cal.3d 648, 658 [131 Cal.Rptr. 646, 552 P.2d 430].) Defendant's proferred construction of section 1249.3 would accomplish a purpose not reasonably suggested by the terms of the statute since it would allow a condemnee who had submitted a reasonable demand to recoup litigation costs if *any* settlement offer tendered by the condemner either before or after the commencement of eminent domain proceedings were found to be unreasonable. We are obligated to interpret statutes in a manner which will render them workable and reasonable. (*Regents of University of California* v. *Superior Court* (1970) 3 Cal.3d 529, 536-537 [91 Cal.Rptr. 57, 476 P.2d 457].) Defendant's construction of section 1249.3 does not accomplish this result since it would provide no guidance to trial courts faced with several settlement offers upon which a finding of unreasonableness could be based and would also remove much of the condemner's incentive to upgrade informal settlement offers made in early stages of the condemnation proceeding.

II. *Noncompliance With Time Requirements of Section 1249.3.*

Defendant contends that the final statutory offer of $26,277 submitted by plaintiff should be disregarded in any event because it was filed *within* 30 days of the trial scheduled for December 15, 1975. The first paragraph of section 1249.3 provides that the condemner shall file and serve its final offer for the property at least 30 days *prior* to the date set for trial.

Plaintiff argues that the present contention may not be entertained because the abbreviated record on appeal contains no indication of the date on which either its final offer or defendant's final demand were served. In its opening brief defendant asserts that plaintiff's final offer was mailed on November 19, 1975, and was received and filed the following day. A finding signed by the trial court provides that "[o]n or about November 20, 1975, the plaintiff condemnor offered the sum of

$26,277.00 pursuant to Section 1249.3 of the Code of Civil Procedure
. . . ." Construing this finding liberally (see *McKinley* v. *Buchanan* (1959)
176 Cal.App.2d 608, 612 [1 Cal.Rptr. 573]), it affords sufficient support for
defendant's assertion that it did not receive plaintiff's final offer until
November 20, 1975. The record thus supports defendant's claim that the
final offer of plaintiff was not filed and served within the time limits
established by the first paragraph of section 1249.3.[4]

A final procedural hurdle remains before reaching the merits of
defendant's present contention. Plaintiff argues that if it is to be held
accountable for failing to observe the time limitations of section 1249.3,
so must defendant since its final demand was not filed until November
17, 1975. Finding number 5, however, indicates that defendant's final
demand was filed on November 15, 1975, which would be 30 days prior to
the start of trial in accordance with the statute. Although not assailed by
plaintiff, this finding must be disregarded as an obvious clerical error
since the declaration executed by defendant's attorney in support of its
motion under section 1249.3 alleged that the final demand was not filed
until November 17, 1975, and the trial court in its memorandum of
decision found this allegation to be true. On appeal, defendant has again
designated November 17, 1975, as the date on which it filed its final
demand.

In reaching the merits of defendant's contention, we note that
section 1249.3 provides that the parties *shall* file and serve the final order
and demand at least 30 days prior to trial. The underscored term
ordinarily connotes mandatory action when employed in a statute.
(*County of Sacramento* v. *Superior Court* (1971) 20 Cal.App.3d 469, 472
[97 Cal.Rptr. 771].) This 30-day cutoff period was presumably chosen by
the Legislature as a stage of the condemnation proceeding at which
needless incurrence of litigation preparation expenses could be avoided
by receipt of a reasonable settlement offer from the other party. The
consequences of a party's failure to file and serve its offer or demand
within this mandatory deadline are not expressly delineated in section

---

[4]Plaintiff also seeks to bar consideration of this contention on the ground that the
record shows no indication of the date on which trial was scheduled to begin. However,
finding number 7 reflects that trial began on December 15, 1975. Plaintiff does not
contend that this finding is unsupported. Moreover, plaintiff acknowledges in its brief that
judicial notice of the actual trial date could be taken in order to reach the merits of
defendant's contention. We may make use of this acknowledgement as an admission
against plaintiff insofar as the disputed content of the record is concerned. (6 Witkin, Cal.
Procedure (2d ed. 1971) Appeal, § 219, pp. 4209, 4210.)

1249.3. However, the final paragraph of the statute provides that the trial court, in determining the amount of litigation expenses to be awarded, is to consider revised or superseded written offers tendered within the 30-day pretrial period or during the trial itself. This final paragraph presumably was designed to apply to the situation in which the condemner's formal offer under section 1249.3, although timely filed, was found to be unreasonable. Although the condemnee would be entitled to recoup litigation costs in this instance if its demand were timely filed and found reasonable, the amount of the award could be reduced if the condemner subsequently filed a reasonable settlement offer sometime before the completion of trial. This final paragraph of section 1249.3 may reasonably be applied in the analogous situation in which the condemner has filed *no* formal offer within the proper time limits but has succeeded in filing an offer before the completion of trial which the trial court considers to be reasonable.[5]

The situation in the present case is different yet since neither party observed the mandatory time limits of section 1249.3 in filing their final offer and demand. Plaintiff argues that defendant's failure to effect strict compliance with the cost-allowance provisions enacted by the Legislature is a sufficient ground for rejecting its appeal. In a case in which the parties are *in pari materia* in failing to observe the mandatory time limits of section 1249.3, however, this result neither appears to be dictated by the language of the statute nor appropriate in view of the condemning agency's responsibility to rigidly adhere to statutory procedures governing an eminent domain proceeding which it has instituted against a property owner. Rather, in the situation in which both parties have failed to observe the mandatory time limits of section 1249.3, the trial court should determine whether the condemnee's final demand, although delinquent, was reasonable; if so, the *amount* of litigation expenses to be awarded should be derived in the manner directed by the third paragraph of the statute.[6] This conclusion should encourage closer adherence to the procedural requirements of section 1249.3 by both parties to an eminent domain proceeding.

---

[5]Based on the policy considerations discussed in the text we disagree with the conclusions reached by another appeal court to the effect that all offers and counteroffers within the last 30 days before trial should be ignored. (*People* ex rel. *Dept. of Transportation* v. *Callahan Brothers* (1977) 69 Cal.App.3d 541 [138 Cal.Rptr. 239].)

[6]It bears noting that the fact that a reasonable settlement offer was received from the condemner almost 30 days before trial should ordinarily have a significant impact upon the amount of litigation costs to be awarded.

III. *Method of Determining Reasonableness of the Offer and Demand*

Remand of this action is necessitated by our conclusion that an award of litigation costs to defendant may still be allowed in some amount if its demand of $50,000 is found to have been reasonable by the trial court. ██ Accordingly, we will address defendant's further contention that the trial court's determination of reasonableness of plaintiff's settlement offer was improperly derived. ██ This contention is based upon the trial court's conclusion providing that "[s]ection 1249.3 directs the court to find for purposes of said statute that the offer or demand closer in dollar amount to the award of the jury is the reasonable offer or demand."[7]

██ We agree that the trial court's method of determining the reasonableness of plaintiff's settlement offer oversimplified the determination called for under section 1249.3. For purposes of assessing entitlement to litigation costs under this statute "reasonableness depends not only on the monetary amounts or the percentage of difference. Reasonableness depends also on the good faith, care and accuracy in how the amount of the offer and the amount of the demand respectively, were determined. These are factual determinations best made by the trial court that heard the evidence relative thereto." (*City of Los Angeles* v. *Cannon, supra,* 57 Cal.App.3d at p. 562.) The Legislature has echoed this sentiment in section 1250.410, the successor statute to section 1249.3, by providing that reasonableness of final offers and demands is to be viewed not only in the light of the compensation awarded, as directed in section 1249.3, but also "in light of the evidence admitted." (See Cal. Law Revision Com. com., § 1250.410.)

On remand the trial court should pursue determinations of the reasonableness of plaintiff's final offer and defendant's final demand in light of the principles discussed in *City of Los Angeles* v. *Cannon, supra.* In fairness to the lower court, however, we observe that defendant's showing in support of its motion under section 1249.3 presented the trial court with a less than meager record on which to base these findings. (Cf.

---

[7]The findings and conclusions signed by the lower court were prepared by defendant. The normal rule is that a party who prepares erroneous findings or conclusions invites rror on the part of the court, and if error is unwittingly committed by the court, the responsibility rests upon the attorney and his client. (*Johnson* v. *Rich* (1957) 150 Cal.App.2d 740, 747 [310 P.2d 980].) The rule is inapplicable here since the record does not demonstrate whether defendant's attorney was at liberty to use his own judgment as to the text of the findings and conclusions prepared. (See *Varela* v. *Wells Fargo Bank* (1971) 15 Cal.App.3d 741, 749 [93 Cal.Rptr. 428].)

*Stone* v. *City of Los Angeles* (1975) 51 Cal.App.3d 987, 998 [124 Cal.Rptr. 822]; *County of Kern* v. *Galatas* (1962) 200 Cal.App.2d 353, 360 [19 Cal.Rptr. 348].) Moreover, our reversal should not be construed as a conclusion that the final offer of the plaintiff was not reasonable.

The order denying the award of fees is reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

Regan, Acting P. J., and Evans, J., concurred.