[No. G000086. Fourth Dist., Div. Three. Nov. 29, 1984.]

COMMUNITY REDEVELOPMENT AGENCY OF THE
CITY OF SANTA ANA, Plaintiff and Appellant, v.
KATHRYN M. KRAUSE, Defendant and Respondent.

**COUNSEL**

Edward J. Cooper, City Attorney, Richard E. Lay, Assistant City Attorney, and Robert J. Wheeler, Deputy City Attorney, for Plaintiff and Appellant.

Forgy & Inadomi and Robert F. Waldron for Defendant and Respondent.

**OPINION**

**WALLIN, J.**—Community Redevelopment Agency of the City of Santa Ana (the City) appeals two orders following a condemnation judgment in an eminent domain action: (1) the award of litigation expenses to respondent Kathryn M. Krause (Krause), and (2) the denial of the City's motion to tax costs.

The City filed a complaint in eminent domain to acquire a parking lot located in downtown Santa Ana for redevelopment purposes. The parking lot was owned by Krause; situated on it were two billboards leased to Pacific Outdoor Advertising.

Concurrently with the filing of its complaint, the City obtained an order for possession and deposited $150,000 in the county treasury as the probable amount of compensation to be awarded based on its appraisal of the property. Pursuant to stipulation, Krause withdrew $137,396, and Pacific Outdoor Advertising withdrew $12,406 from that fund.

Pursuant to Code of Civil Procedure section 1250.410,[1] Krause filed her final demand for compensation in the amount of $312,150 on June 30, and

---

[1]All statutory references hereafter are to the Code of Civil Procedure.

the City filed its final offer of compensation in the amount of $207,000 on July 27, 1982. Each party's amount was based on the anticipated testimony of its expert witness. On August 4, each party deposed the other's expert witness, and on August 5, Krause served a revised final demand on the City by mail in the amount of $270,000. The revised final demand was filed with the court on August 10.

At the mandatory settlement conference on August 26, the City refused to offer anything above its appraisal, although Krause indicated she was willing to negotiate. On the first day of trial, the judge suggested $245,000 as a reasonable compromise, but the City again refused to negotiate. The case proceeded to trial and the jury returned a verdict of $250,000.

Krause moved to recover her litigation expenses under section 1250.410,[2] consisting of $7,817.22 in expert witness and appraisal fees and $18,606.57 in attorney's fees. The City opposed the motion and filed its motion to tax costs, objecting to the two items of litigation expense. The court granted Krause's motion and denied the City's responsive motion to tax costs.

## I

The first portion of the City's appeal deals with Krause's entitlement to litigation expenses. Entitlement to litigation expenses is predicated on (1) a timely filed reasonable final demand and (2) an unreasonable final offer. (*City of San Leandro* v. *Highsmith* (1981) 123 Cal.App.3d 146, 152-153 [176 Cal.Rptr. 412]; § 1250.410.) The City asserts Krause is not entitled to litigation expenses because her final demand was not reasonable and her revised final demand was not timely, and because the City's final offer was reasonable. We disagree on all points and conclude the requirements of section 1250.410 were met.

## A

In its order granting Krause's motion for litigation expenses, the court expressly found her revised final demand to be reasonable. Although

---

[2]Section 1250.410 provides: "(a) At least 30 days prior to the date of trial, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff his final demand for compensation in the proceeding. Service shall be in the manner prescribed by Chapter 5 (commencing with Section 1010) of Title 14 of Part 2. [¶] (b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses. In determining the amount of such litigation expenses, the court shall consider any written revised or superseded offers and demands filed and served prior to or during trial."

the City does not dispute the finding of reasonableness, it claims since the document was not filed with the court until August 10 (28 days prior to trial), it was not timely and could not properly be considered.

█ The statute requiring a final demand at least 30 days prior to the originally scheduled trial date represents a legislative determination that "needless incurrence of litigation preparation expenses could be avoided by receipt of a reasonable settlement offer from the other party" at that stage of the proceedings. (*People* ex rel. *Dept. of Transportation* v. *Societa Di Unione E Beneficenza Italiana* (1978) 87 Cal.App.3d 14, 21 [150 Cal.Rptr. 706].) In *People* ex rel. *Dept. of Transportation* v. *Callahan Brothers* (1977) 69 Cal.App.3d 541 [138 Cal.Rptr. 239], the court held that the 30-day period is mandatory, and a condemnee who fails to observe it will be precluded from recovering litigation expenses. In that case, each party filed its respective offer and demand during trial rather than 30 days before. The court stated: "Since one of the bargaining parties is a person representing a governmental agency, who cannot make a binding agreement without the agency's approval, a 30-day minimum time period is necessary to complete a settlement. To achieve the statute's goal, the 30-day minimum time period must be mandatory." (*Id.*, at pp. 543-544.)

However, other courts presented with different circumstances have found the purpose of the statute better served by a more flexible approach. In *People* ex rel. *Dept. of Transportation* v. *Societa Di Unione E Beneficenza Italiana, supra,* 87 Cal.App.3d 14, the court held where both parties were several days late in making the offer and demand, a reasonable demand would entitle the condemnee to litigation expenses. Furthermore, in *Lake County Sanitation Dist.* v. *Schultz* (1978) 85 Cal.App.3d 658 [149 Cal.Rptr. 717], the court found a final demand made one day late to be in substantial compliance with the statutory requirement, where the condemner made no objection to the late filing and was also late with its final offer.

█ In the case before us, Krause *served* her revised final demand on the City on August 5, 33 days in advance of the scheduled trial date, but did not *file* it with the court until it was 2 days late. Thus, the City was timely and formally advised of Krause's settlement position, and was not prejudiced by the late filing. Under these circumstances, we hold the revised final demand was in substantial compliance with the statute and was properly considered as a basis for Krause's litigation expenses.

B

█ The City next contends its final offer was reasonable, thus precluding the application of section 1250.410. It points out that its final offer of

$207,000 was 82 percent of the $250,000 verdict, and argues there is no reported case holding an offer of more than 80 percent of the verdict was unreasonable.

■ Case law has established general guidelines to aid the trial court in its determination of reasonableness or unreasonableness: " '(1) [T]he amount of the difference between the offer and the compensation awarded, (2) the percentage of the difference between the offer and the award . . . and (3) the good faith, care and accuracy in how the amount of the offer and the amount of the demand, respectively, were determined.' [Citations.]" (*State of California* ex rel. *State Pub. Works Bd.* v. *Turner* (1979) 90 Cal.App.3d 33, 37 [153 Cal.Rptr. 156].) These are factual issues to be evaluated by the trial court, and its determination of reasonableness or unreasonableness must be upheld on appeal if supported by substantial evidence. (*Redevelopment Agency of Long Beach* v. *First Christian Church* (1983) 140 Cal.App.3d 690, 706 [189 Cal.Rptr. 749].)

■ Contrary to the City's contention, the case law does not support the proposition that an offer of more than 80 percent of the verdict compels a finding of reasonableness. Rather, the cases stress a mathematical analysis alone is not sufficient to determine the issue and that the good faith, care and accuracy of the condemning agency's offer can be the deciding factor. In *State of California* ex rel. *State Pub. Works Bd.* v. *Turner, supra,* 90 Cal.App.3d at page 37, the court affirmed the trial court's finding that an offer of 78 percent of the verdict was reasonable in view of the substantial evidence of the state's good faith. (See also *San Leandro* v. *Highsmith, supra,* 123 Cal.App.3d at p. 156, where an offer of 61 percent of the verdict was held reasonable on the same basis.) And in *County of Los Angeles* v. *Kranz* (1977) 65 Cal.App.3d 656 [135 Cal.Rptr. 473], the court reversed the trial court's finding of reasonableness where the offer was 79 percent of the verdict and where the county ignored the landowners' expert's appraisal. "County should have realized that a jury would give some weight to the opinion of each expert, and fix the fair market value of the property somewhere between the two. [Fn. omitted.] Landowners came down more than half way on their demand; county stubbornly stuck to its own appraisal plus a small amount which would barely cover landowners' added costs of preparing the cause for trial." (*Id.,* at p. 660.)

The court found the preparation of the City's offer lacking in care and accuracy because its appraiser used noncomparable properties as the basis for his opinion of value. The court further found the City refused to negotiate and ignored Krause's well qualified expert. This was sufficient to support a finding that the City's offer was unreasonable.

## II

 █ ██ ██ The second portion of the City's appeal is its contention that the trial court's failure to require additional evidence in support of Krause's litigation expenses constitutes reversible error.[3] In its points and authorities in opposition to Krause's motion for litigation expenses, the City argues "the amounts of the appraiser's and attorney's fees should be documented by the production of retainer agreements, time sheets, billing statements, and similar documentation." Since the court granted Krause's motion and denied the City's motion to tax costs, we must assume it considered the evidence before it sufficient to find the fees reasonable.

We review the court's award for an abuse of discretion. "The determination of what is a reasonable fee is a question of fact that rests within the discretion of the trial court [citations], after it has considered a number of factors including '[t]he nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure of the attorney's efforts, the attorney's skill and learning, including his age and experience in the particular type of work demanded.' [Citation.]" (*La Mesa-Spring Valley School Dist.* v. *Otsuka* (1962) 57 Cal.2d 309, 316 [19 Cal.Rptr. 479, 369 P.2d 7].) After considering these factors, the trial court has the power to draw on its own knowledge of legal practice to fix the amount of fees. (*Muller* v. *Tanner* (1969) 2 Cal.App.3d 445, 452 [82 Cal.Rptr. 738].)

 The court below conducted the trial of this matter and was familiar with the nature and difficulty of the litigation. The transcript of the hearing reveals the court was familiar with Krause's expert. In addition, the court had before it the declaration of Krause's counsel containing the amount of fees incurred, his background and qualifications as a specialist in eminent domain, and his opinion that the fees were reasonable. The City submitted no evidence showing the fees were unreasonable, only its opinion to that effect. In light of this record, we hold there was no abuse of discretion in the amount of the fee award.

---

[3]The City also claims the court denied its request for an evidentiary hearing on the amount of litigation expenses. However, at the hearing below, Krause's attorney offered to testify and to present additional evidence in support of those expenses, but the City did not respond to that offer. Under these circumstances, the City waived any right it may have had to additional evidence.

The orders are affirmed. Respondent to receive costs and attorney's fees on appeal.[4]

Trotter, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied December 18, 1984, and appellant's petition for a hearing by the Supreme Court was denied February 20, 1985.

---

[4]Section 1235.140; *City of Commerce* v. *National Starch & Chemical Corp.* (1981) 118 Cal.App.3d 1, 21 [173 Cal.Rptr. 176]; *Lake County Sanitation Dist.* v. *Schultz, supra,* 85 Cal.App.3d at pages 673-674.