[No. G006439. Fourth Dist., Div. Three. May 24, 1990.]

COMMUNITY REDEVELOPMENT AGENCY OF THE CITY OF SANTA ANA, Plaintiff and Appellant, v. O. A. MATKIN et al., Defendants and Respondents.

**COUNSEL**

Edward J. Cooper, City Attorney, Richard E. Lay, Assistant City Attorney, and Robert J. Wheeler, Deputy City Attorney, for Plaintiff and Appellant.

Fleming, Anderson, McClung & Finch, McClung & Davis, Paul W. Davis and Charles E. McClung, Jr., for Defendants and Respondents.

**OPINION**

**SONENSHINE, J.**—Community Redevelopment Agency of the City of Santa Ana (the City) appeals an order awarding litigation expenses to O. A. Matkin and Dorothy Matkin in the underlying condemnation action. The

threshold issue is whether the Matkins, in failing to serve a demand for compensation 30 days before the *originally scheduled* trial date, forfeited their right to recover their litigation expenses pursuant to Code of Civil Procedure section 1250.410 [1]. The City contends the court erred, as a matter of law, in finding the Matkins' demand was timely. Alternatively, it assigns error to the court's calculation of the amount of the award.

## I.

The City filed the underlying lawsuit on February 28, 1985, to acquire the subject property for use in connection with the Santa Ana Auto Center project. In accordance with section 1255.070, the City deposited the sum of $594,500 in the county treasury;[2] $580,000 represented the appraised value of the land and improvements as of October 3, 1984, and $14,500 represented the value of fixtures and equipment.

The Matkins answered on May 10th, objecting to the City's right to take the property. The City then filed an ex parte motion to specially set a trial to hear the Matkins' objections. The trial, originally scheduled for June 17th,

---

[1] Code of Civil Procedure section 1250.410 provides: "(a) At least 30 days prior to the date of the trial on issues relating to compensation, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff its final demand for compensation in the proceeding. Such offers and demands shall be the only offers and demands considered by the court in determining the entitlement, if any, to litigation expenses. . . . [¶] (b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses. [¶] In determining the amount of such litigation expenses, the court shall consider the offer required to be made by the plaintiff pursuant to Section 7267.2 of the Government Code and any other written offers and demands filed and served prior to or during the trial. [¶] (c) If timely made, the offers and demands as provided in subdivision (a) shall be considered by the court on the issue of determining an entitlement to litigation expenses."

Government Code section 7267.2 requires a public entity, before initiating negotiations to acquire the property, to establish an amount it believes to be just compensation and to offer that amount to the owner.

All further statutory references are to the Code of Civil Procedure.

[2] By so doing, the City locked in the date of valuation.

Sections 1263.120 and 1263.130 provide that where trial is held within a year after the proceeding is commenced, the date of valuation of the property is the date the proceeding was commenced. Where trial is *not* held within a year after the proceeding is commenced, the valuation date is the date trial is commenced, unless the defendant caused the delay in which case the valuation date is the date the proceeding was commenced. Thus, because a trial continuance may result in an increase in value, the filing of new offers and demands would seem appropriate.

However, pursuant to section 1263.110, where the condemnor deposits with the court an amount which, based on its appraisal of the property, is the probable compensation to be awarded, the date of valuation is the date on which the deposit is made.

proceeded on July 1st, with the parties stipulating to an interlocutory judgment resolving the right-to-take objections.

When the Matkins failed to vacate the premises, the City applied for a writ of assistance to enforce the 90-day prejudgment order for possession it had obtained the day the action was instituted. A hearing was held October 29th, after which the court granted the City's request. The writ issued but was never enforced because the Matkins eventually vacated the property.

The City's at-issue memorandum having been filed in April 1986, a trial date was set for November 17th on the issue of just compensation. On November 14th, the City served and filed its first[3] final offer of compensation in the amount of $600,000. On November 19th, the case was reset for trial on March 9, 1987, with a settlement conference scheduled for March 3rd. The City filed its second final offer of compensation on February 6th; added to the $600,000 figure was the sum of $53,776 for loss of business goodwill to Soil and Plant Laboratory, Inc., one of two tenants which occupied the Matkins' property. On March 3d, the parties exchanged their appraisal information and lists of expert witnesses.

On March 9th, the trial was again continued, this time at the request of the Matkins' other tenant, Shamrock Supply Co. The new date was June 1st; a settlement conference would be held May 29th. On May 1st, the City filed its third final offer of compensation for $610,000 plus the aforesaid sum of $53,776 for lost goodwill. On May 5th, pursuant to stipulation, the claims of Shamrock were severed from those of the other defendants.

Due to the unavailability of a courtroom, the June 1st trial date was continued to August 24th, and a settlement conference was scheduled for August 7th. On June 10th, the Matkins served and filed their first final demand for compensation in the sum of $690,000.

This time trial proceeded as scheduled, and after three days, the jury returned a verdict of $686,868. Judgment was entered October 12th.

On November 12th, the Matkins filed a motion for litigation expenses; a cost bill for $36,249 followed six days later. The City's motion to tax costs

---

[3] The Matkins contend there were two earlier trial dates set in this matter, i.e., June 17, 1985, and December 2, 1985, before which the City did not file any designated final offer.

As previously noted, the trial set for June 17, 1985, pertained to the Matkins' objections to the taking. The record reveals a trial date on the issue of just compensation was initially set for December 2, 1985. By minute order dated November 22d, the mandatory settlement conference scheduled for that day was taken off calendar, the case was dropped from the civil active list, and the trial date was vacated.

was filed the next day. A hearing was held December 11th, with the court taking the matter under submission. By minute order rendered December 14th, the court granted the Matkins' motion for litigation expenses and denied the City's motion to tax costs.

## II.

■ The purpose of section 1250.410 is "to encourage settlement of condemnation actions by providing incentives to a party who submits a reasonable settlement offer or demand before trial. [Citation.] A property owner who files a reasonable demand, but is required nonetheless to litigate because of the public agency's unreasonable position, can be fully compensated for . . . litigation expenses. Conversely, a condemnor who makes a timely reasonable offer may avoid having to pay the property owner's expenses except for taxable costs. [Citation.] Because plaintiff will invariably be a government agency, the 30-day period allows plaintiff's representative sufficient time to secure the agency approval necessary to complete a settlement after offers have been exchanged and before trial commences." (*Santa Clara Valley Water Dist.* v. *Gross* (1988) 200 Cal.App.3d 1363, 1368 [246 Cal.Rptr. 580].) The statute imposes upon *both* parties a duty to act reasonably in an effort to settle the dispute. (*County of San Diego* v. *Woodward* (1986) 186 Cal.App.3d 82, 91 [230 Cal.Rptr. 406].)

■ "Entitlement to litigation expenses is predicated on (1) a timely filed reasonable final demand and (2) an unreasonable final offer. [Citation.]" (*Community Redevelopment Agency* v. *Krause* (1984) 162 Cal.App.3d 860, 864 [209 Cal.Rptr. 1].) The reasonableness of the two competing offers is "viewed in the light of the evidence admitted and the compensation awarded in the proceeding." (§ 1250.410, subd. (b).)

The City contends the Matkins' conduct is "antithetical to the spirit and purposes" of the statute. It argues the condemnees "gambled on the possibility that trial would not commence on the first three dates this case was set for trial on compensation issues. [The statute] is primarily for their benefit. All they had to do to protect themselves was to file a timely final demand under section 1250.410. They failed to do so and thus lost their ability to recover litigation expenses . . . ." We cannot agree.

It is undisputed that if a condemnee fails to file a final demand for compensation 30 days before a scheduled trial date which proceeds to trial, he or she will not be entitled to litigation expenses. Moreover, if the condemning agency fails to file a final offer 30 days before a scheduled trial date which proceeds to trial, the condemning agency runs the risk of paying the

condemnee's litigation expenses, provided he or she has filed a timely and reasonable demand. However, we see no reason why a condemnee's failure to file a demand 30 days before the original trial date should have any bearing on the effect of filing a demand as to a continued trial date. Allowing the condemnee another chance, even after the failure to timely file at an earlier date, does not defeat the purpose of the statute.

The City relies primarily on *People* ex rel. *Dept. of Transportation* v. *Gardella Square* (1988) 200 Cal.App.3d 559 [246 Cal.Rptr. 139], where the court construed section 1250.410's reference to "date of trial" to mean "the original date set for trial." The issue in that case arose in a different context, however. Trial was set for September 9, 1985. On July 3d, the condemnees served a final demand of $2,850,000. On July 23d, the condemnor made a final offer of $1,550,000. Trial was ultimately continued to April 14, 1986. On January 28th, the condemnor made an offer of $2,450,000, and on February 5th, the condemnees demanded $3,885,000, including principal of $2,850,000, litigation expenses of $840,000, and interest of $195,000. On February 7th, the condemnor accepted the original $2,850,000 demand.

The condemnees filed a motion for litigation expenses, claiming the condemnor's offer was unreasonable, their demand was reasonable, and they were unreasonably required to litigate. The motion was denied, the court finding "the rescheduled trial date was the pertinent trial date and respondent's acceptance made 30 days before that trial date was the equivalent of a final offer for purposes of the statute. Since the acceptance was for the full amount of the demand, it was reasonable and appellants were not entitled to litigation expenses." (200 Cal.App.3d at p. 576.)

The court, relying solely on *City of San Leandro* v. *Highsmith* (1981) 123 Cal.App.3d 146 [176 Cal.Rptr. 412],[4] a case decided prior to the statute's 1982 amendment,[5] concluded "the original trial date was the proper date to

---

[4] In *Highsmith,* the condemnee's demand was untimely, regardless of whether the 30-day period was measured from the actual trial date or from the date first set for trial. (*Id.,* at p. 155.) Nonetheless, the court stated, in dictum, "[t]he original trial date is the proper one for measuring the 30-day notice. To hold otherwise would encourage procrastination in making an offer or demand and would delay meaningful negotiations. . . . To allow either party to gamble on a delay in the trial court would not serve the purposes of the statute." (*City of San Leandro* v. *Highsmith, supra,* 123 Cal.App.3d at pp. 154-155.)

[5] Before its amendment in 1982, section 1250.410 provided, in pertinent part: "(a) At least 30 days prior to the date of trial, the plaintiff shall file with the court and serve on the defendant its final offer of compensation in the proceeding and the defendant shall file and serve on the plaintiff his final demand for compensation in the proceeding. . . . [¶] (b) If the court, on motion of the defendant made within 30 days after entry of judgment, finds that the offer of the plaintiff was unreasonable and that the demand of the defendant was reasonable viewed

use when determining whether the parties' final offer and demand were reasonable under section 1250.410. However, the reasonableness of those amounts should be determined in light of the facts as each party knew them at the time the offer and demand were made." (*People* ex rel. *Dept. of Transportation* v. *Gardella Square, supra*, 200 Cal.App.3d at pp. 577-578.) Thus, unlike our case, the court in *Gardella Square* was called upon to decide which trial date—original or continued—was the appropriate one for purposes of determining the reasonableness of the parties' final offer and demand—not whether the failure to file a demand before the original trial date precludes an award of litigation expenses as a matter of law.

The City also cites as dispositive this court's opinion in *Community Redevelopment Agency* v. *Krause, supra*, 162 Cal.App.3d 860. There, in determining the timeliness of a demand filed 28 days before trial, we opined: "The statute requiring a final demand at least 30 days prior to the originally scheduled trial date represents a legislative determination that 'needless incurrence of litigation preparation expenses could be avoided by receipt of a reasonable settlement offer from the other party' at that stage of the proceedings. [Citation.]" (*Id.*, at p. 865.) Our insertion of the phrase "originally scheduled" preceding "trial date" was gratuitous. Only one trial date had been scheduled in that case; thus, we had no reason to make any distinction between an originally scheduled date and a continued one. No doubt, the phrase was inadvertently adopted from *City of San Leandro* v. *Highsmith, supra*, 123 Cal.App.3d 146, cited for another proposition.

In any event, the Matkins contend the City's argument overlooks the import of the 1982 statutory amendment. They maintain the purpose of the amendment "was to clearly establish two things: (1) That the date from which the 30-day minimum time period for filing final demands is to be measured is the date of *the* trial *on the issue of compensation,* not the date *initially set for* trial in the action; and (2) that the only offers and demands that the trial court can consider in determining the issue of *entitlement* to litigation expenses are the final (i.e., last) timely filed offers and demands of the parties." They insist the Legislature intended "the trial" to mean "the actual trial," not the date "initially set for trial." Moreover, they assert, had the Legislature intended the date of trial to mean the initial trial, it would have said so. By way of example, they suggest the words "initially set for" or "first set for" could have been inserted between "of" and "trial." (See, e.g., § 1258.020; § 96, subd. (b); § 2024, subd. (a).)[6]

---

in the light of the evidence admitted and the compensation awarded in the proceeding, the costs allowed pursuant to Section 1268.710 shall include the defendant's litigation expenses. In determining the amount of such litigation expenses, the court shall consider any written revised or superseded offers and demands filed and served prior to or during trial."

[6]Similarly, the condemnee in *Gardella Square* asserted "the Legislature added the language 'the date initially set for the trial of the action' to section 2024, subdivision (a) of the re-

██ It is clear from our review of the legislative history of section 1250.410 that the phrase "the date of the trial on issues relating to compensation," was inserted to clarify any ambiguity which might result in instances where the condemnation proceedings are bifurcated. In other words, without the clarifying language, the term "trial" would be confused with the proceeding at which noneconomic issues are resolved, such as one relating to the condemnee's objections to the taking. Our review further discloses that subdivision (c) was added to overrule the harsh result in *People* ex rel. *Dept. of Transportation* v. *Patton Mission Properties* (1979) 89 Cal.App.3d 204 [152 Cal.Rptr. 485].[7] However, there is no indication the amendment reflected the Legislature's dissatisfaction with the *Highsmith* holding, as the Matkins urge.

Nonetheless, we agree with the Matkins that under the City's theory, "all incentives for reasonable settlement conduct would be removed after an initial trial date has passed, settlement of eminent domain cases would be discouraged and more cases would proceed unnecessarily to trial. Certainly this is not what the Legislature intended." The Matkins ask, why did the City file its subsequent "final offers," if only the first one would have any effect?

On the other hand, if the statute is interpreted in the manner suggested by the Matkins, the incentive to engage in reasonable settlement negotiations would exist before *each* trial date. In this way, the legislative goal of encouraging settlement and avoiding needless trials would be reconciled with today's practical reality that cases often do not go forward on the date first set for trial.

*Los Angeles Unified Sch. Dist.* v. *C. F. Bolster Co.* (1978) 81 Cal.App.3d 906 [146 Cal.Rptr. 789], cited by the Matkins, lends support to this interpretation. There, *two* final offers were filed and served at least thirty days

---

vised discovery act (completion of discovery 'on or before the 30th day, . . . before . . .'). Thus, if the Legislature had intended the original trial date to be the relevant date in section 1250.410, it would have so specified." (*People* ex rel. *Dept. of Transportation* v. *Gardella Square, supra,* 200 Cal.App.3d at p. 576.) However, said the court, "section 1250.410 was amended in 1982, after the *Highsmith* decision was published. Presumably the Legislature was aware of the *Highsmith* language and approved it. [Citation.]" (*Ibid.*)

[7] In *Patton,* the verdict in three consolidated cases exceeded the state's final offer as to each parcel of land; however, the court held it could not properly consider the amount of the condemnee's demands in determining the reasonableness of the offers when the demands had been filed 31 days before trial. The state's final offers were made more than six months before trial. The court concluded it was unreasonable to require the state to respond because it had only one day within which to evaluate the demands, consider the appraisals, and revise its written offers. Consequently, the condemnee's motion for litigation expenses was denied.

As amended, section 1250.410 *mandates* consideration of final offers and demands, provided they are timely made, in determining the issue of entitlement to litigation expenses.

prior to the trial date. The second offer was higher than the first, and the issue raised was which one should be considered in determining the condemnee's entitlement to litigation expenses. The court construed section 1249.3, the predecessor to section 1250.410, "as authorizing the *last* written offer or demand made at least 30 days before trial to be deemed the 'final offer' or 'final demand,' even though the parties have labeled a prior written offer or demand as the *final* offer or demand. We interpret section 1249.3 as not being limited to the first offer or demand a party labels as its *final* offer or demand. This construction of the statute is in harmony with a primary purpose of the statute to promote settlement of eminent domain actions." (*Id.*, at p. 912.)[8]

■ In light of the foregoing, we conclude the purpose of section 1250.410, i.e., to encourage settlement and to avoid trial, is served where final offers and final demands are filed at least 30 days prior to the actual trial, regardless of whether offers and demands were timely filed in connection with previously scheduled trial dates. The "30-day cutoff period was presumably chosen by the Legislature as a stage of the condemnation proceeding at which needless incurrence of litigation preparation expenses could be avoided by receipt of a reasonable settlement offer from the other party." (*People* ex rel. *Dept. of Transportation* v. *Societa Di Unione E Beneficenza Italiana* (1978) 87 Cal.App.3d 14, 21 [150 Cal.Rptr. 706].) This is accomplished so long as the offers and demands are filed and served 30 days before the actual trial date. Accordingly, the trial court was correct in finding the Matkins were entitled to their litigation expenses under the statute.[9]

### III.

The City contends the trial court's ruling must be reversed because the Matkins' final demand was unreasonable. It maintains the Matkins acted "unreasonably and in bad faith." It also asserts "the $690,000 figure was handwritten; with the rest of the demand being typed; as if the $690,000 figure had been selected at random without thought to the [City's] valuation information or position."

■ "The reasonableness of final offers and awards creates factual issues which depend upon the good faith, the care, and the accuracy used in

---

[8] The Matkins assert the 1982 amendment incorporates the *Bolster* holding, i.e., the second sentence of subdivision (a) provides that only the final offers and demands are to be considered in determining entitlement to litigation expenses. The legislative history does not so reflect, however.

[9] In light of our conclusion, we do not address the Matkins' contention the City waived any objection to the timeliness of their final demand.

determining property values. Reasonableness is a question of fact for the trial court to determine. [Citations.]" (*People* ex rel. *Dept. of Water Resources* v. *Andresen* (1987) 193 Cal.App.3d 1144, 1166 [238 Cal.Rptr. 826].) ■ The court's determination on that issue will be upheld on appeal if supported by substantial evidence. (*Redevelopment Agency* v. *Gilmore* (1985) 38 Cal.3d 790, 808 [214 Cal.Rptr. 904, 700 P.2d 794].)

■ Here, the demand was $690,000, an amount almost identical to the jury's award. Moreover, according to the Matkins, their demand was halfway between the City's and their opinions as to value. For purposes of section 1250.410, the City has failed to establish the Matkins' demand was unreasonable.

## IV.

Finally, the City insists the trial court abused its discretion as to the amount of litigation expenses awarded.[10] Insisting the only litigation expenses which may be awarded are those pertaining to the issue of just compensation, the City argues the court included noncompensable expenses, such as the Matkins' attorney fees pertaining to the City's right to take the property and its application for a writ of assistance. However, the City has provided no authority for its position.

■ The City further contends it should not have been required to pay the Matkins' appraisal fees because the appraiser neither testified at trial nor was included as an expert valuation witness prior to trial. Although a property owner's time spent in preparing and presenting testimony does not qualify for compensation (*County of Madera* v. *Forrester* (1981) 115 Cal.App.3d 57, 61-62 [170 Cal.Rptr. 896]), the record reveals Mr. Matkin relied on the appraisal report in arriving at his own assessment of the property's value. The court acted within its discretion in including the appraisal fees as a necessary expense. The City has provided no authority for the proposition testimony of the appraiser is required to warrant reimbursement of those fees.

■ In determining what would be a reasonable amount to award for fees, the court may consider a number of factors, including the nature and

---

[10]Pursuant to section 1235.140, litigation expenses include "(a) All expenses reasonably and necessarily incurred in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings. [¶] (b) Reasonable attorney's fees, appraisal fees, and fees for the services of other experts where such fees were reasonably and necessarily incurred to protect the defendant's interests in the proceeding in preparing for trial, during trial, and in any subsequent judicial proceedings whether such fees were incurred for services rendered before or after the filing of the complaint."

difficulty of the litigation, the skill required and employed, the attention given, the success or failure of the attorney's efforts, and the attorney's experience. (*Community Redevelopment Agency* v. *Krause, supra,* 162 Cal.App.3d at p. 867.) Here, as in *Krause,* "[s]ince the court granted [the Matkins'] motion and denied the City's motion to tax costs, we must assume it considered the evidence before it sufficient to find the fees reasonable." (*Ibid.*)

Judgment affirmed. Respondents shall receive costs on appeal.

Wallin, Acting P. J., and Moore, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 20, 1990.